In October, 1945, plaintiff sold and delivered a Neon sign to the Everett Beauty Salon at 311 1/2 Milam Street, Shreveport, Louisiana. At that time this business was operated by Charles F. Everett and his wife. Subsequently, these parties were divorced and the petition filed by plaintiff alleges that the wife, Mrs. Neva Everett, now Mrs. Neva Norton, by agreement between herself and her former husband, "assumed the operation of the beauty salon and the contract with plaintiff." Plaintiff prayed for judgment, in solido, against Mr. Charles F. Everett and Mrs. Neva Norton.
The defendant, Charles F. Everett, filed no answer and from the judgment rendered against him he has made no appeal.
Defendant, Mrs. Neva Norton, denied, either categorically or for lack of information, all the allegations of plaintiff's petition, but admitted, by way of further answer, that there was a balance due plaintiff of $52.50, "these being the only past due installments for which your respondent has received services on said Neon sign."
The trial Court rendered judgment, in solido, against the two defendants for the amount claimed to be due on the sign and recognized plaintiff's vendor's lien. From this judgment defendant, Mrs. Neva Norton, prosecutes this devolutive appeal.
On the trial of the case, Mrs. Norton, testified that her husband bought the sign and added (mistakenly apparently, as her signature does not appear on the contract) that she signed the contract of purchase. She also testified that after the divorce she took over the operation of the beauty salon and made the monthly payments due on the sign. She frankly admitted that she assumed this obligation of $17.50 per month and testified that she took care of the obligation "as far as I could." In this Court her counsel argues that the debt for the sign was a community debt and as far as Mrs. Neva Everett Norton was concerned it was the debt of a third person and in order for the plaintiff to recover, it was necessary that they "show a written assumption of this debt."
Counsel for plaintiff argues that having accepted the community and taken over the operation of the beauty salon and assumed its debts, she thereby became a principal debtor and that such an agreement could be proved by parol evidence.
[1] We of course concede the law to be that parol evidence is inadmissible to prove a promise to pay a debt of a third person. However, parol evidence is competent to prove the assumption of a debt by one who is activated by a pecuniary interest of his own in making the agreement, which in effect becomes an independent undertaking and may be established by any competent evidence.
[2] In the case of Wallenburg v. Kerry, 16 La. App. 221, 133 So. 823, 824, Judge Taliaferro as the organ of this Court laid down the rule and noted the exception to the literal interpretation of Civil Code, Article 2278, which we consider applicable to the case before us:
"The weight of authority interpreting statutes of this kind is to this effect: That, if the agreement to pay the obligation of a third person is merely a collateral undertaking, it comes within the statute of frauds; but, if such agreement is independent, not made primarily to answer for another, but is impelled from pecuniary or business motives, accruing to the promisor, then it does not fall within the statute, and parol testimony is admissible to establish same." *Page 523 
[3] We conclude from the testimony in the record and from Mrs. Norton's own admission that she did, after the divorce, take over the business, operated it for her own profit, and assumed its debts, including the obligation sued on. She therefore had a pecuniary and business motive in assuming responsibility for the debt.
Since the testimony that Mrs. Norton assumed the obligation was, under the circumstances, admissible, and since the record amply substantiates the finding of the trial Court, the judgment appealed from is affirmed, with costs.