CULPEPPER, Judge.
This is a suit on an open account. Plaintiff alleges it sold and delivered furniture to the defendants, L. O. Murrell and South-Way Furniture, Inc., on which there remains due and unpaid the sum of $3,000. South-Way Furniture, Inc., defended on the grounds of a discharge in bankruptcy proceedings. Murrell defended on the grounds that he did not purchase the furniture nor did he give any written promise to pay the debt of the purchaser, South-Way Furniture, Inc., hence parol evidence cannot be received, LSA-C.C. Article 2278. From an adverse judgment, plaintiff appealed.
*660 The substantial issue on appeal is whether the defendant, Murrell, is a primary ob-ligor, in which case parol evidence is admissible, or a collateral obligor, in which event parol evidence is not admissible.
The facts show that in 1964 South-Way Furniture, Inc., was organized and started business as a furniture store in the ‘City of Lake Charles. The original stockholders were Mr. L. L. Carson, president and general manager, Mrs. Leona Linder, secretary-treasurer, and Mrs. Linder’s husband. In 1965, Mr. Murrell acquired J/3 of the stock and became president of the corporation, Carson remaining as vice-president and general manager, and Mrs. Linder as secretary-treasurer.
Mr. Murrell lives in Buras, Louisiana. He operates businesses there and in Port Sulphur. After Hurricane Betsy damaged many homes in the Buras area, South-Way Furniture, Inc., opened a second store in Buras with the expectation of selling furniture to replace that destroyed by the hurricane. Carson, as manager of the business, placed an order for furniture with one of plaintiff’s salesmen in the sum of approximately $3,300 for the Buras store and a larger amount for the Lake Charles store. On the recommendation of Dunn & Bradstreet, plaintiff refused to approve the credit of South-Way Furniture, Inc.
Carson testified he had been authorized by Murrell to buy merchandise for the corporation and to assure the seller that it would be paid for by Murrell. However, Carson’s assurance that Murrell would personally pay for the furniture did not satisfy plaintiff. On March 1, 1966, Kemp’s credit manager, Mr. Sasser, telephoned Murrell from North Carolina. After this conversation, the order for the Buras store was shipped, but the larger order for Lake Charles was not.
Sasser testified that during this telephone conversation on March 1, 1966, Murrell stated he personally would pay for the furniture. Murrell denies this. In any event, the furniture was shipped to Buras and was invoiced to South-Way Furniture, Inc., in whose name the open account was entered on plaintiff’s books. No invoices or statements were sent to Murrell. South-Way Furniture made several payments on the account, finally reducing the balance to $1,500. No payments were made by Murrell.
The applicable law is succinctly stated in Star Sales Company v. Arnoult, La.App., 169 So.2d 178 (4th Cir. 1964);
“A distinction must be made between a promise to pay for goods delivered by another person, thus creating a primary obligation of the person making the promise, and one where the promisor stands good for the account as a guar-„ antor. The question which must be determined is if the promise constitutes a primary or collateral obligation. An examination of the relationship of the parties and the motive and pecuniary interest of the party making the promise may throw light upon the intent and is therefore pertinent in deciding the question : to whom was the credit given ? Collier v. Brown, 11 La.App. 567, 141 So. 405 (2d Cir. 1932). This distinction is discussed more fully in National Materials Co. v. Guest, 147 So. 771 (La.App. Orleans 1933), citing Watson Bros. v. Jones, 125 La. 249, 51 So. 187 (1910).”
In the present case, plaintiff emphasizes the fact that Murrell had a pecuniary interest in seeing that the furniture was shipped to Buras for the new store. Of course, this is a factor to be considered, but it is not controlling. The question of whether the obligation is primary or collateral is factual. The record amply supports the conclusions of the trial judge which are set forth as follows in his written opinion:
“In the present case, plaintiff opened an account on its books in the name of Southway Furniture Company for merchandise which it' sold and delivered to that company. Plaintiff issued invoices, statements and bills in connection there *661 with only to Southway Furniture and received payments from that company on the account. Any assurance it may have had relative to guaranteeing payment of the account from Murrell did not constitute, in the opinion of this Court, a primary obligation on his behalf, as the actions of the plaintiff indicate that any obligation undertaken by Murrell was of a collateral nature. It is true that, at the time of the alleged telephone conversation between Sasser and Murrell, the latter was president of the corporation to whom the goods were sold and delivered by the plaintiff, and the plaintiff also owned one-third of the capital stock of the corporation. Naturally, the defendant, as president of the corporation and as a stockholder thereof, would have an interest in the welfare of the corporation, but this Court does not believe that the cases referred to by the plaintiff and discussed hereinabove, stand for the proposition that any officer or stockholder of a corporation who might promise to pay the debt of a corporation, would be unable to claim the protection of the parol evidence rule stated in Article 2278. Accordingly, this Court holds that parol evidence cannot be received in the present case to establish any promise of Murrell to pay the debt of the furniture corporation of which he was president and a stockholder.”
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.