398 So.2d 99 (1981)
SEASHELL, INC., Plaintiff-Appellant,
v.
Dennis SIMON, Defendant-Appellee.
No. 8065.
Court of Appeal of Louisiana, Third Circuit.
April 15, 1981.
*100 D. Warren Ashy, Lafayette, for plaintiff-appellant.
Domengeaux & Wright, James Parkerson Roy, Lafayette, for defendant-appellee.
Before CULPEPPER, FORET and STOKER, JJ.
FORET, J., dissents and assigns written reasons.
STOKER, Judge.
This is a suit on an open account. The plaintiff Seashell, Inc., seeks to recover from the defendant, Dennis Simon, $2,840.85 due it for goods sold to Gulf Atlantic Services Corporation. Seashell, Inc., alleges that Simon agreed to be personally liable for the debts of Gulf Atlantic. The trial court granted a motion for summary judgment in favor of Simon. From this judgment Seashell, Inc., has perfected this appeal. We affirm.
The sole issue on appeal is whether parol evidence may be admitted on behalf of Seashell, Inc., to prove that Simon verbally agreed to become liable for the debts of Gulf Atlantic.
In September and October, 1978, Gulf Atlantic charged $2,840.85 worth of shells on open account with Seashell, Inc. The invoices were made out to Gulf Atlantic and signed by Gulf Atlantic's secretary-treasurer, Leonard Buteaux. Gulf Atlantic has not paid the amount due and has since gone bankrupt. Seashell, Inc., alleges that it initially refused to extend credit to Gulf Atlantic but did so after Simon, Gulf Atlantic's president, agreed to be personally liable for the debts of Gulf Atlantic in the event that Gulf Atlantic failed or refused to pay. Paragraph four of the petition states:

"4.
"That defendant, Dennis Simon, agreed to be personally liable for the debts of this company, Gulf Atlantic Services Corporation, in the event that Gulf Atlantic Services Corporation failed or refused to pay the debt owed to petitioner."
It is undisputed that no written agreement was ever entered into between Seashell, Inc., and Simon. Simon contends that parol evidence cannot be introduced to prove a promise to pay the debt of a third person; therefore summary judgment was proper because no written agreement was entered into.
Article 2278 of the Civil Code provides, in part, as follows:
"Parol evidence shall not be received:
* * * * * *
3. To prove any promise to pay the debt of a third person."
Parol evidence may not be used to establish either suretyship under LSA-C.C. art. 3035 et seq. or the promise to pay the debt of another under LSA-C.C. arts. 1890 and 1902. Altex Ready-Mixed C. Corp. v. Employers Com'l U.I. Co., 308 So.2d 889 (La. App. 1st Cir. 1975), writ denied, 312 So.2d 872 (La.1975).
*101 Plaintiff-appellant contends there is an exception to the rule that parol evidence is inadmissible to prove a promise to pay an obligation of a third party in those instances in which the oral promise to pay is prompted by pecuniary or business motivation on the part of the promisor. For this proposition appellant cites the case of Rube v. Pacific Insurance Company of New York, 131 So.2d 240 (La.App. 1st Cir. 1961). It is true that the Rube case makes such an unqualified statement in a portion of the opinion, and in a few instances such an unqualified statement may be found in other cases. However, a reading of the Rube case will indicate that a mere pecuniary interest or business motivation on the part of the promisor is not sufficient in itself to take an oral promise out of the general rule.
As a reading of the Rube case itself will indicate the so-called exception applies only in those instances where the promisor by promising to pay the debt of a third person assumes a primary obligation rather than a secondary or collateral obligation. In the latter instance the promise is in the nature of suretyship.
We think that the matter is made clear in the case of Kemp Furniture Company v. Murrell, 227 So.2d 659 (La.App. 3rd Cir. 1969). In deciding that case this court stated:
"The applicable law is succinctly stated in Star Sales Company v. Arnoult, La.App., 169 So.2d 178 (4th Cir. 1964);
`A distinction must be made between a promise to pay for goods delivered by another person, thus creating a primary obligation of the person making the promise, and one where the promisor stands good for the account as a guarantor. The question which must be determined is if the promise constitutes a primary or collateral obligation. An examination of the relationship of the parties and the motive and pecuniary interest of the party making the promise may throw light upon the intent and is therefore pertinent in deciding the question: to whom was the credit given? Collier v. Brown, 11 La. App. 567, 141 So. 405 (2d Cir. 1932). This distinction is discussed more fully in National Materials Co. v. Guest, 147 So. 771 (La.App. Orleans 1933), citing Watson Bros. v. Jones, 125 La. 249, 51 So. 187 (1910).'"
Other cases which illustrate this construction of Civil Code article 2278 are Fuselier v. Hudson, 93 So.2d 266 (La.App. 1st Cir. 1957); Montelepre Memorial Hospital v. Kambur, 170 So.2d 214 (La.App. 4th Cir. 1964); Custom Contract Co. v. Nims, 145 So.2d 374 (La.App. 4th Cir. 1962); and B. & B. System, Inc. v. Everett, 34 So.2d 521 (La.App. 2nd Cir. 1948). The only case of recent vintage that we have noted in which the exception urged by plaintiff-appellant is stated in unqualified terms is the case of Powell Lumber Company v. Afco Corporation, 288 So.2d 697 (La.App. 3rd Cir. 1974). However, for the proposition in question this court in Powell cited the case of Custom Contract Co. v. Nims, supra, and B. & B. System, Inc. v. Everett, supra. In the latter case the court stated "parol evidence is competent to prove the assumption of debt by one who is activated by a pecuniary interest of his own in making the agreement, which in effect becomes an independent undertaking and may be established by any competent evidence. (Emphasis supplied.) An independent undertaking would be a primary obligation rather than a secondary or collateral obligation. Custom Contract Co. v. Nims, supra, also follows this construction of the exception. Hence, Powell must be read in light of these two cases.
In the present case, the plaintiff stresses the fact that Simon had a pecuniary interest in seeing that Gulf Atlantic was extended credit. In Kemp Furniture Company v. Murrell, supra, we stated:
"In the present case, plaintiff emphasizes the fact that Murrell had a pecuniary interest in seeing that the furniture was shipped to Buras for the new store. Of course, this is a fact to be considered, but it is not controlling. The question of whether the obligation is primary or collateral is factual."
*102 Characterization of the question as factual might ordinarily indicate that this is not a case susceptible of determination on a motion for summary judgment. In a counter affidavit filed in opposition to the motion for summary judgment the following assertion is made:
"Lynn Romero avers that as President of Gulf Atlantic Services, Inc., Dennis Simon had a business or pecuniary interest in obtaining the credit for his company."
As we have indicated above, even if this is true, it is not sufficient alone to be determinative of the case. The most important factor to be considered at this point is the allegation of paragraph four of plaintiff-appellant's petition. It will be noted from this allegation quoted above that plaintiff takes the position that Dennis Simon agreed to become guarantor or a surety for the Gulf Atlantic Services Corporation "in the event that Gulf Atlantic Services Corporation failed or refused to pay the debt owed to petitioner." Plaintiff-appellant has itself pleaded that the agreement entered into by Simon was not a primary obligation but a secondary or collateral undertaking as a guarantor or surety. Under these circumstances we consider any parol evidence which might be offered to be inadmissible under sub-paragraph three of Article 2278 of the Civil Code.
For the foregoing reasons the decision of the trial court granting the motion for summary judgment in favor of the defendant, Dennis Simon, is affirmed. All costs are assessed to plaintiff-appellant, Seashell, Inc.
AFFIRMED.
FORET, Judge, dissenting.
I respectfully dissent from the decision of the majority.
The granting of the motion for summary judgment was improper. I see a genuine dispute to an issue of material fact. If plaintiff can show, at trial on the merits, that the defendant, Simon, as President of Gulf Atlantic Services, Inc., had in fact a pecuniary or business motivation in personally securing plaintiff's extension of credit to Gulf Atlantic, such evidence should be admitted as an exception to the rule that parol evidence is inadmissible to prove a promise to pay the obligation of a third party.
I am of the opinion that the summary judgment should be reversed and the matter remanded for trial on the merits.