425 So.2d 878 (1983)
MARMEDIC, INC.
v.
INTERNATIONAL SHIP MANAGEMENT & AGENCY SERVICES, INC.
No. CA 0098.
Court of Appeal of Louisiana, Fourth Circuit.
January 3, 1983.
Philip A. Fant, Leach & Paysse, New Orleans, for appellant.
Hall, Lentini, Mouledoux & Wimberly, William W. Hall, Metairie, for appellee.
Before SCHOTT, CIACCIO and WILLIAMS, JJ.
CIACCIO, Judge.
The plaintiff, Marmedic, Inc., provided medical services to an injured seaman at the request of the defendant, International Ship Management & Agency Services, Inc. Plaintiff was not paid for the services and filed this suit to recover from defendant the amount owed plus interest and attorney's fees. From a judgment in favor of the plaintiff the defendant has appealed. We *879 affirm, except for the award of attorney's fees which is set aside.
The amount of the claim and the rendering of the services was stipulated by the parties. At the trial, although it was not affirmatively pleaded, defendant claimed that it was the agent of a disclosed principal, viz., the M/V Scorpion I (and its owners), the injured seaman's ship. Defendant contends that as agent it was not and cannot be personally liable.
The errors assigned and the issues presented by the defendant on appeal fall into two categories. Defendant argues that the trial court erred in finding it acted as an independent contractor and not as an agent. Additionally, defendant finds error in the trial court's refusal to enforce the parol evidence rule prohibiting the admission and consideration of evidence tending to prove an oral promise to pay the debt of another.
Mr. Jay Smith, the president and only shareholder of Marmedic, was the only witness at trial. He testified that employees of defendant initially contacted Marmedic requesting immediate medical services for an injured seaman. Marmedic provided the requested medical services and the seaman received all of the services for which plaintiff now seeks to be paid.
During the course of treatment Marmedic inquired of defendant as to who would be responsible for the bill. Mr. Smith testified that although defendant's employees guaranteed that the bill would be paid, they failed to provide a written guarantee despite at least six requests for same. Marmedic denies it was informed of any agency status of defendant, and, although plaintiff was aware of the name of the ship, the identity of the ship's owner was never disclosed.
Defendant argues that Marmedic's president, Mr. Smith, was well experienced in the local maritime industry and knew or should have known that defendant was acting as an agent for the ship and its owner.
The trial court stated its conclusions as follows:
The Court is of the opinion that the Defendant entered into a verbal contract with Plaintiff to supply medical services for a price to the injured seaman, and due to the exigency of the circumstances and Plaintiff's reliance on Defendant's assurances that Plaintiff would be paid, Plaintiff did, in fact, perform and provide said medical services.
It is clear to the Court that the relationship between the parties herein is more in the nature of an independent contractor whose business is to procure goods and services for a fee for various ships in port, rather than a principal-agent relationship, particularly since there was no evidence presented demonstrating any control over the Defendant nor the Plaintiff exercised by the ship owner, which right to control is the most important factor considered in determining the distinction between an independent contractor and an agent. R.S. Electric & Armature Works v. George Engine Co., Inc., 346 So.2d 782 [783] (La.App. 1st Cir., 1977) Therefore, Defendant is liable to Plaintiff for this indebtedness.
Even assuming the above reasons are incorrect, there are other grounds on which the Defendant can be held liable. The unrebutted testimony of Plaintiff's president shows that on several occasions more than one employee of Defendant assured and promised Plaintiff that its bill would be paid. The witness stated that but for these assurances, he would not have continued to render services to the injured seaman.
The Court feels that Defendant's argument that such promises or guarantees to pay the debt of a third party must be in writing is untenable. First of all, assuming the Court is correct that the Defendant is an independent contractor, it was only guaranteeing payment of its own indebtedness. And, secondly, assuming that this Court is in error regarding the business relationships herein, these assurances were indeed oral promises to pay the debt of a third party, this Court is still of the opinion that the Defendant is personally obligated in view of the pecuniary *880 motive and interests of Defendant. The cases cited to this Court in Plaintiff's memorandum point out LSA-C.C. Article 2278 is subject to the exception that one may orally bind himself to pay the debt of another under circumstances as in the case before this Court. Paul M. Davison Petroleum Products v. L.T. Brown Contractor, Inc., 356 So.2d 572 (La.App. 2nd Cir., 1978); Powell Lumber Company v. AFCO Corporation, 288 So.2d 697 (La. App. 2d Cir., 1974).
The party claiming to have purchased as agent must establish that this capacity was made known to the seller, and also that an actual agency relationship existed by evidence beyond his own assertion. Absent disclosure of a special status, the law presumes that a person is acting in his individual capacity and holds him personally liable for his actions. The person who claims he is acting as an agent bears the burden of proof at trial to show his special status. J.T. Doiron, Inc. v. Lundin, 385 So.2d 450 (La.App. 1st Cir., 1980); J.D. LeBlanc, Inc. v. Lomar Construction Company, et al., 194 So.2d 426 (La.App. 4th Cir. 1967).
At trial, defendant presented no evidence but relied upon cross-examination of Mr. Smith to establish its case. Mr. Smith testified that he was uncertain of defendant's status, but rendered the requested services because of the assurances given that the bill would be paid. Defendant called no witness and offered no evidence to rebut this testimony. No evidence was presented at trial that an actual agency relationship existed between defendant and a principal. Even at this point the record contains nothing more than defendant's own assertion that there exists an agency relationship between defendant and the M/V Scorpion I and/or its owner.
The trial court was correct in holding that defendant failed to prove its agency defense.
Defendant objected to the admission of parol evidence of its guarantee that the bill would be paid. La.C.C. Art. 2278(3) provides that parol evidence shall not be received to prove any promise to pay the debt of a third person. Art. 2278(3) is subject to an exception. If the agreement to pay is not made primarily to answer for another but is impelled from the pecuniary or business motives of the promissor, then the promise to pay is, in effect, a new and independent agreement and parol evidence is admissible to establish same. Paul M. Davison Petroleum Products v. L.T. Brown, Contractor, Inc., 356 So.2d 572 (La.App. 2d Cir., 1978), and cases cited therein.
We must determine whether defendant's promise to pay constituted a primary or collateral obligation. The decisive question which must be answered is: to whom was the credit extended? In order to determine to whom the credit was extended we must examine the relationship of the parties and the motive and pecuniary interest of the party making the promise. Seashell, Inc. v. Simon, 398 So.2d 99 (La.App. 3d Cir., 1981); Star Sales Company v. Arnoult, 169 So.2d 178 (La.App. 4th Cir., 1964). If credit was extended to defendant, then parol evidence is admissible to prove defendant's promise to pay, because the promise to pay constituted a primary obligation.
Mr. Smith testified and the trial court held that, except for defendant's promises that the bill would be paid, Marmedic would not have continued to render services to the injured seaman. The trial court found that plaintiff extended credit to the defendant as an independent contractor. The question of whether the obligation is primary or collateral is factual. Seashell, Inc. v. Simon, supra; Star Sales Company v. Arnoult, supra. As such, the finding of the trial court will not be disturbed in the absence of manifest error. No such error is apparent to us. The trial court did not err in admitting and considering the parol evidence.
For the above reasons the judgment of the trial court holding the defendant liable unto the plaintiff for the amount owed for the medical services rendered the injured seaman is affirmed.
*881 Plaintiff sued on open account and prayed for attorney's fees under the provisions of La.R.S. 9:2781. The trial court apparently treated the case as one on open account and awarded attorney's fees of twenty-five (25%) percent. Our review of the record reveals that plaintiff did not present evidence to prove compliance with the mandatory requisites for an award of attorney's fees under La.R.S. 9:2781. Absent such evidence we find that the trial court erred in awarding attorney's fees. We, therefore, reverse the award of attorney's fees.
The judgment of the trial court is affirmed, except insofar as it awards the plaintiff attorney's fees, which award is reversed and set aside. All costs are assessed to appellant.
AFFIRMED IN PART and REVERSED IN PART.