446 So.2d 946 (1984)
William Hugh YOUNGBLOOD and Specialty Sound, Inc., Plaintiffs-Appellants,
v.
Billy PENDLETON and the Estate of Marsha Pendleton, Defendants-Appellees.
No. 83-510.
Court of Appeal of Louisiana, Third Circuit.
March 7, 1984.
Daniel E. Parker, Monroe, for plaintiffs-appellants.
Thomas, Dunahoe & Gregory, G.F. Thomas, Jr., Natchitoches, for defendants-appellees.
Before DOMENGEAUX, GUIDRY and STOKER, JJ.
GUIDRY, Judge.
The plaintiffs, William Hugh Youngblood and Specialty Sound Company, Inc., seek to recover from the defendants, Billy Pendleton *947 and the Estate of Marsha Pendleton, an amount exceeding $52,000.00 owed the plaintiffs by Specialty Sound Company of Natchitoches, Inc. The plaintiffs' suit is grounded on an alleged oral promise by the Pendletons to guarantee the debts of Specialty Sound Company of Natchitoches, Inc. The defendants filed an exception of no cause of action, urging that, because parol evidence is inadmissible to prove a promise to pay the debt of a third person, the plaintiffs' petition fails to state a cause of action. The trial court sustained the exception and dismissed the suit. The plaintiffs appeal.

FACTS
In March of 1979, Billy and Marsha Pendleton met with William Hugh Youngblood, in his individual capacity and as president and agent of Specialty Sound Company, Inc., to discuss the terms and conditions of a franchise agreement whereby they would utilize the goodwill, business expertise and product lines of Specialty Sound Company in the organization and operation of a business to be established in Natchitoches and to be known as Specialty Sound Company of Natchitoches, Inc. On June 14, 1981, Specialty Sound Company, Inc., Specialty Sound Company of Natchitoches, Inc., and Billy Pendleton, as the representative of Specialty Sound Company of Natchitoches, Inc., entered into that franchise agreement.
On May 3, 1983, when Specialty Sound Company of Natchitoches, Inc. filed for bankruptcy, it owed over $52,000.00 to the Specialty Sound Company, Inc. and/or William Hugh Youngblood. This suit was brought against Billy Pendleton and the Estate of Marsha Pendleton, who had died. In their petition, the plaintiffs claimed that the Pendletons had personally guaranteed the payment of the debts of the Specialty Sound Company of Natchitoches, Inc.

EXCEPTION OF NO CAUSE OF ACTION
It is axiomatic that when considering an exception of no cause of action, the court will accept as true all well pleaded allegations in the plaintiffs' petition. Landry v. Puritan Ins. Co., 422 So.2d 566 (La.App. 3rd Cir.1982); Elliott v. Aetna Casualty and Surety Company, 387 So.2d 1383 (La.App. 3rd Cir.1980), writ denied, 393 So.2d 747 (La.1980). In the instant case, we have examined the petition along with the attached franchise agreement made a part thereof, and find that the petition fails to state a cause of action.
The written franchise agreement in question contains no agreement by the Pendletons to guarantee the debts incurred by Specialty Sound Company of Natchitoches, Inc. The plaintiffs' petition relies solely on alleged oral promises by the Pendletons. The issue therefore turns on whether parol evidence may be admitted to prove the existence of the alleged oral promises. If the promise of the Pendletons may not be proved by competent evidence, the petition clearly fails to state a cause of action.
LSA-C.C. Art. 2278 provides in pertinent part:
"Parol evidence shall not be received:
....
3. To prove any promise to pay the debt of a third person...."
Parol evidence may not be used to establish suretyship under LSA-C.C. Art. 3035 et seq., nor the promise to pay the debt of another under LSA-C.C. Art. 1890 and 1902. Altex Ready-Mixed Concrete Corp. v. Employers Commercial Union Ins. Co., 308 So.2d 889 (La.App. 1st Cir.1975), writ denied, 312 So.2d 872 (La.1975); Seashell, Inc. v. Simon, 398 So.2d 99 (La.App. 3rd Cir.1981).
The plaintiffs contend that there is an exception to the rule that parol evidence is inadmissible to prove a promise to pay the debt of a third person in those instances where the promise is prompted by a pecuniary or business motivation on the part of the promissor. They urge that Billy Pendleton had a pecuniary or business motivation in promising to pay the debts of Specialty Sound Company of Natchitoches, Inc., and that parol evidence would thus be admissible to prove such promise.
*948 In Seashell, Inc. v. Simon, supra, we stated that the pecuniary or business motivation exception applies only in those instances where the promisor by promising to pay the debt of a third person, assumes a primary obligation, rather than a collateral or secondary obligation. Showing that the promisor had a pecuniary or business motivation may be a fact to be considered, but the mere existence of such motivation is not controlling. The determinative inquiry is whether the obligation is primary or collateral. Star Sales Company v. Arnoult, 169 So.2d 178 (La.App. 4th Cir.1964); Kemp Furniture Company v. Murrell, 227 So.2d 659 (La.App. 3rd Cir.1969); Seashell, Inc. v. Simon, supra.
In the instant case, plaintiffs' petition clearly indicates that the promise of the Pendletons to pay the debts of Specialty Sound Company of Natchitoches, Inc. was a collateral obligation in the nature of suretyship. The petition alleges that the Pendletons had orally agreed to "personally guarantee any debts due to Specialty Sound Company, Inc. or William Hugh Youngblood, by Specialty Sound Company of Natchitoches, Inc." The franchise agreement, made a part of the plaintiffs' petition by reference, clearly shows that Specialty Sound Company of Natchitoches, Inc. was the primary obligor for all the obligations of the franchisee. The franchise agreement contains the signature of Billy Pendleton, but only in his capacity as representative of Specialty Sound Company of Natchitoches, Inc.
Because the alleged promise by the Pendletons is a secondary obligation, parol evidence may not be used to prove its existence. Since the plaintiffs' suit is based entirely on the alleged oral promises, the plaintiffs' petition fails to state a cause of action.
For the above and foregoing reasons, the judgment of the trial court sustaining the exception of no cause of action is affirmed. All costs are assessed to plaintiffs-appellants.
AFFIRMED.