499 So.2d 1107 (1986)
Harry JONES, Plaintiff-Appellant,
v.
HEBERT & LeBLANC, INC., Defendant-Appellee.
No. 85-1091.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1986.
*1109 Charles Schrumpf of Sumpter & Schrumpf, Sulphur, for plaintiff-appellant.
W. Gregory Arnette, Jr., Jennings, for defendant-appellee.
Before DOMENGEAUX, GUIDRY and YELVERTON, JJ.
DOMENGEAUX, Judge.
This is a suit brought by Harry Jones against Hebert & LeBlanc, Inc. to recover commissions due under a former contract of employment, together with penalties and attorney's fees. The plaintiff alleges that commissions in the amount of $2,619.43 were due him and, pursuant to La.R.S. 23:631 and 23:632, he should be awarded penalties as well as attorney's fees.
The defendant in its answer did not dispute the amount of commissions earned by the plaintiff; however, it claimed in its reconventional demand that the plaintiff owed the defendant an amount in excess of what was due plaintiff because of an oral agreement entered into between plaintiff and defendant. The defendant sought to offset the amount due plaintiff with the amount the plaintiff allegedly owed to the defendant.
The trial judge ruled that there was an agreement between the plaintiff and the defendant concerning the plaintiff's potential liability for the cost of premiums on insurance policies he sold to clients under a sales method referred to as "agency responsible accounts." The trial judge further reasoned that this case fell within the exception to the rule that parol evidence was inadmissible to establish the promise to pay the debt of a third person and, therefore, allowed evidence to be admitted concerning the plaintiff's and the defendant's agreement. The trial judge awarded the plaintiff $53.51 with judicial interest. This amount was arrived at by deducting the offset of $2,565.92 from the commissions owed in the amount of $2,619.43. Plaintiff's claims for penalty wages and attorney's fees were denied.
Plaintiff has taken a devolutive appeal.

FACTS
In April of 1982 until December 31, 1983, Harry Jones (hereinafter Jones) was employed by Hebert & LeBlanc, Inc. (hereinafter LeBlanc) as an agent to solicit accounts of insurance. He was employed at a starting salary of $1,400.00 per month which was to be reduced each month by $50.00. He also received a $250.00 expense account, and he was to receive 50% of the commissions on insurance policies sold by him.
As a solicitor-agent, Jones was able to sell insurance in a number of different ways. One method in which insurance can be sold is called the "agency responsible account." The agent in this instance sells the client a policy of insurance and has the agency purchase the policy from and pay the premiums to the appropriate insurance company. The insured is thereafter billed and if the insured fails to pay the premium, the insurance agency bears the loss. LeBlanc utilized this method, but did not emphasize the use of the method by its employees due to the risk of potential loss to the agency. Jones and other employees were aware of this method of selling insurance, but were instructed not to use it unless they agreed to be responsible for those premiums not paid for by their clients.
Jones denies that he and the agency entered into an agreement concerning the use of the agency responsible account method; however, LeBlanc contends that there was such an agreement and that every employee entered into the same type of agreement. The alleged agreement in the instant case was entirely oral as Jones asserts he refused to sign a written contract and LeBlanc maintains he showed Jones a *1110 sample contract yet never asked him to sign such a contract.

ISSUES
The issues raised by this appeal are:
(1) Whether the trial judge was clearly wrong in finding that Jones orally agreed to be liable for the unpaid premiums on insurance policies he sold to clients under the agency responsible account method; and, if not, whether parol evidence is admissible to establish the oral agreement.
(2) Whether the plaintiff is entitled to penalties and attorney's fees under La.R.S. 23:631 and 23:632.
(3) Whether the trial judge erred in disallowing plaintiff to be subjected to certain cross examination.

AGREEMENT
The determination of whether plaintiff and defendant entered into an agreement is a factual question. As such, the trial court's decision cannot be reversed on appeal if it appears there was a reasonable factual basis for the determination and that the decision was not clearly wrong or manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Co., 283 So.2d 716 (La.1973). The trial judge found that there was an agreement between the plaintiff and the defendant whereby the plaintiff agreed to be liable for his clients' unpaid premiums. We find no manifest error in this ruling.
Henry LeBlanc, president of Hebert & LeBlanc, Inc., testified that he and the plaintiff entered into an oral contract concerning agency responsible accounts. He further testified that he showed a sample contract to the plaintiff, but never asked the plaintiff to sign such a contract. Pauline Pelly, a commercial lines underwriter employed by the defendant, testified that she had an oral agreement with LeBlanc concerning liability for unpaid premiums on insurance policies she sold and, as far as she knew, every agent had the same agreement with LeBlanc. The record indicates that at least one employee, Nathan Curtis, had been called upon to pay the premiums of a client who had failed to remit. Additionally, Charles Williams, recognized by the Court as an expert in the field of insurance, testified that it was not unusual to have such an agreement between an insurance agency and one of its agents. He also stated that it was a common practice for such an agreement not to be in writing.
The bulk of the evidence supports the finding that an agreement existed between Jones and LeBlanc. Only Jones himself testified otherwise. This finding by the trial court will not be reversed.

PAROL EVIDENCE
Having found that Jones did agree to become responsible for his clients' unpaid premiums, we must determine whether parol evidence concerning this agreement was admissible at trial. The plaintiff contends that parol evidence cannot be introduced to prove a promise to pay the debt of a third person; he therefore maintains that his peremptory exception of no cause of action should not have been denied and the defendant's reconventional demand to offset the plaintiff's earned commissions with amounts due under the agreement should have been dismissed.
Article 1847 of the Louisiana Civil Code (formerly La.C.C. Art. 2278) provides that "[p]arol evidence is inadmissible to establish ... a promise to pay the debt of a third person...." A well-recognized exception to this rule is where the promise is prompted by a pecuniary or business motivation on the part of the promisor. Wallenburg v. Kerry, 16 La.App. 221, 133 So. 823 (2nd Cir.1931); Rube v. Pacific Insurance Company of New York, 131 So.2d 240 (La.App. 1st Cir.1961). The above exception was recently explained in Youngblood v. Pendleton, 446 So.2d 946 (La.App. 3rd Cir.1984), where this Court reasoned:
"In Seashell, Inc. v. Simon, supra, we stated that the pecuniary or business motivation exception applies only in those instances where the promisor by promising to pay the debt of a third person, *1111 assumes a primary obligation, rather than a collateral or secondary obligation. Showing that the promisor had a pecuniary or business motivation may be a fact to be considered, but the mere existence of such motivation is not controlling. The determinative inquiry is whether the obligation is primary or collateral. Star Sales Company v. Arnoult, 169 So.2d 178 (La.App. 4th Cir.1964); Kemp Furniture Company v. Murrell, 227 So.2d 659 (La.App. 3rd Cir.1969); Seashell, Inc. v. Simon, supra."
In the instant case, the plaintiff, upon entering into the agreement specified above, assumed a primary obligation by obligating himself to pay for the unpaid premiums of his clients. Although it would appear that he was merely a guarantor or surety for the insured, his obligation was not secondary or collateral. His obligation to cover the premiums arose from an agreement between himself and LeBlanc, not from the contract of insurance between himself and the client.
Inasmuch as we find that the plaintiff assumed a primary obligation, parol evidence may be used to prove existence of the agreement between the plaintiff and LeBlanc. As such, the trial court was not in error in overruling the plaintiff's peremptory exception of no cause of action. Accordingly, the trial court was correct in allowing evidence of the agreement and in offsetting the plaintiff's earned commissions with an amount representing premiums not collectible from the plaintiff's former clients.
LeBlanc asserts that it is due $3,165.69 from the plaintiff for unpaid premiums, an amount consisting of $2,565.92 in premium payments and $599.77 in late charges. The trial judge, however, correctly reasoned that the late charges were not recoverable and allowed the defendant to only offset $2,565.92 from the plaintiff's undisputed claim of $2,619.43 for commissions.[1] The trial judge properly concluded that the plaintiff was entitled to a judgment in the amount of $53.51.

PENALTIES AND ATTORNEY'S FEES
La.R.S. 23:631 provides, in pertinent part:
"A. Upon the discharge or resignation of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, not later than three days following the date of discharge or resignation."
In addition, La.R.S. 23:632 provides:
"Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety days wages at the employee's daily rate of pay, or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. Reasonable attorney fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after three days shall have elapsed from time of making the first demand following discharge or resignation."
In order for an employer to be held liable for penalty wages, his actions must have been motivated through bad faith, or *1112 he must be found to have acted in an arbitrary or unreasonable manner given the circumstances. Only a "good faith" or "non-arbitrary" defense to liability for unpaid wages will permit the courts to excuse the employer from the imposition of penalty wages. Menard v. Roy Young, Inc., 441 So.2d 28 (La.App. 3rd Cir.1983), writ denied, 444 So.2d 122 (1984); Letulle v. S. & E. Oil Company, Inc., 387 So.2d 703 (La.App. 3rd Cir.1980).
Where there is a bona fide dispute over the amount of wages due, the courts will not consider the failure to pay as arbitrary refusal and will refuse to award penalties. Lazauskas v. Louisiana Offshore Caterers, Inc., 371 So.2d 1183 (La.App. 1st Cir.1979), writ denied, 373 So.2d 510 (1979); Carriere v. Pee Wee's Equipment Company, Inc., 364 So.2d 555 (La.1978).
In the present case, the trial judge denied the plaintiff's request for penalties upon a finding that the defendant was in good faith and was not arbitrary in failing to pay the past due commissions. We find the above to be correct and also that there was a bona fide dispute as to what amount was due. We hold, therefore, that the defendant's withholding of the plaintiff's commissions in an attempt to offset an amount owed by plaintiff for unpaid premiums is a good faith defense and, therefore, we affirm the trial court's denial of penalty wages.
With respect to attorney's fees, an employee who brings a well-founded suit for any unpaid wages whatsoever is entitled to mandatory attorney's fees, irrespective of any defenses which may be raised by his employer. Carriere v. Pee Wee's Equipment Company, Inc., supra; McFarland v. Texhoma Contractors, Inc., 449 So.2d 1106 (La.App. 5th Cir.1984).
Inasmuch as the plaintiff received a judgment entitling him to $53.51, his suit is deemed to be well-founded and he is entitled to reasonable attorney's fees under La.R.S. 23:632. The trial judge, thus, fell into error when he denied the plaintiff's claim for attorney's fees.
In setting a reasonable amount of attorney's fees, we are guided only by the plaintiff's petition, the testimony of the plaintiff's attorney, and the plaintiff's introduction of time slips into evidence as to how much time and money were expended in this case. According to the testimony of the plaintiff's attorney, his hourly rate is $70.00. He testified that he spent over 15 hours on the case and in his brief filed in this case, he alleges the trial and post trial work amounts to at least another 10 hours time spent on the plaintiff's case. He maintains that he should be awarded attorney's fees in the amount of $2,000.00.
While we agree that the plaintiff is entitled to attorney's fees, we deem an award of $750.00 in attorney's fees to be reasonable under all circumstances of this case, one circumstance being the comparatively small amount of the judgment.
In addition, the defendant contends that the trial court erred in assigning to it both court costs and interest from the date of judicial demand. We find that the defendant was correctly cast with court costs and legal interest on $53.51 from the date of judicial demand since this action was necessary for plaintiff to recover his past due commissions. (See Menard v. Roy Young, Inc., supra).

IMPEACHMENT
The defendant alleges that the trial judge erred in not allowing the plaintiff to be impeached because of certain statements made in a pre-trial deposition regarding the plaintiff's honesty in his business dealings. The trial judge sustained an objection on the grounds of irrelevancy and improper impeachment. Defendant then proceeded with an offer of proof.
We feel that the trial judge erred in refusing to permit the defendant to test the plaintiff's credibility by impeaching him through the use of prior inconsistent statements. However, this refusal, as it turns out, becomes harmless in view of the fact that the defendant prevailed in the trial court on the question of the existence of *1113 the agreement and we affirm that finding here.
For the reasons assigned, the judgment of the trial court is amended so as to award plaintiff the sum of $750.00, and in all other respects is affirmed.
Costs on appeal to be borne equally by the plaintiff and defendant.
AFFIRMED AS AMENDED.
NOTES
[1] The trial judge, in his written reasons for judgment, explained:

"The law is well-settled that absent a written agreement wherein there is specific agreement, late charges or interest is not recoverable. A printed statement alone containing language to the effect that interest or late charges will be charged, does not constitute a written agreement to pay interest. Civil Code Article 2924. S.E. Hornsby, etc. v. Checkmate Readymix, 390 So.2d 213 (3rd Cir.1980), and the authorities therein cited. There is no written agreement in the record concerning the payment of interest or late charges and, therefore, these charges are not recoverable by defendant."