517 So.2d 926 (1987)
Duncan M. SMITH, Jr., Plaintiff-Appellee,
v.
Hugh B. ANDERSON, Defendant-Appellant.
No. 86832.
Court of Appeal of Louisiana, Third Circuit.
October 7, 1987.
Roy, Carmouche, Bivins, Judice, Henke & Breaud, Patrick M. Wartelle, Lafayette, for plaintiff-appellee.
Duncan M. Smith, Jr., Lafayette, for defendant-appellant.
Before DOMENGEAUX, GUIDRY and DOUCET, JJ.
DOMENGEAUX, Judge.
Duncan M. Smith, Jr., an attorney practicing in Lafayette, Louisiana, brought this action against Hugh B. Anderson seeking to recover attorney's fees and expenses for services he allegedly provided Anderson. Anderson, the owner and the president of Seaways International, Inc. (Seaways), answered Smith's petition contending that Smith never rendered legal services for him but, rather, performed all services in question for Seaways.
Smith's suit, filed in April, 1981, sought $3,677.55, plus interest at the legal rate from date of judicial demand, reasonable attorney's fees incurred as a result of the collection efforts and all costs of the proceedings. Subsequent to the filing of the defendant's answer, this suit remained in abeyance until January, 1986, when Smith moved the trial court pursuant to La.Code Civ.Proc. art. 966 (1961) (amended 1966, 1983 and 1984) to render a summary judgment. The trial court, subsequent to reviewing the pleadings and the affidavit accompanying Smith's motion, rendered judgment for Smith in accordance with his prayer for relief. It is from that decision that Anderson appeals.
Sometime prior to March, 1979, Anderson, either on his own behalf or on the behalf of Seaways, engaged Smith to represent Seaways in connection with certain claims and litigation pending against Seaways as a result of obligations Seaways owed its creditors. The primary issue which confronted the trial court and the sole issue on appeal is whether the facts establish a promise by Anderson to pay or to guarantee the indebtedness of Seaways to Smith, or a promise by Anderson to pay Smith for legal services Smith was to render to Anderson for the benefit of Seaways. Ultimately, the issue is whether the parties contemplated that Anderson would be primarily liable, or merely collaterally responsible, for Smith's services to Seaways.
The substance of Anderson's argument on appeal is that his promise to Smith was, at most, either one of suretyship, under *927 which he guaranteed Seaways' obligations, or a promise to pay the debt of a third person. Anderson contends that Smith should not prevail in either case because neither a contract of suretyship nor the promise to pay the debt of another may be established by parole evidence and Smith did not present to the trial court any writing supporting either such agreement. La. Civ.Code arts. 3039 (1870) and 2278 (1870) (amended 1886 and in effect at the institution of this litigation.); Seashell, Inc. v. Simon, 398 So.2d 99 (La.App. 3rd Cir.1981).
Smith counters Anderson's arguments by asserting that Anderson's promise was that he would be personally and primarily liable for the services rendered Seaways and that such liability may be established by parole evidence. Norris Rader, Inc. v. Dartez, 453 So.2d 1009 (La.App. 3rd Cir.1984). Smith supports his position by reference to the affidavit which accompanied his motion for summary judgment. Smith's affidavit states, in part,
That Affiant was employed and retained by Hugh B. Anderson to render legal services for Seaways International, Inc., a company owned and operated by Hugh B. Anderson....
and,
Hugh B. Anderson assured Affiant that since Seaways International, Inc. would not be able to compensate Affiant for his professional services and expenses, that he, the said Hugh B. Anderson, would guarantee and personally pay Affiant for his professional services and expenses,
and,
Hugh B. Anderson continued to acknowledge to Affiant that the account owed Affiant was a personal indebtedness which he was having difficulty satisfying because of personal financial problems until on or about the time this ligiation was instituted....
Subsequent to our review of the record, particularly the affidavit of the plaintiff, Smith, we must agree with the trial court and affirm the decision. The evidence firmly establishes that Anderson's obligation was one of primary liability. Smith was retained to render legal counsel to a corporation which he was aware was encountering difficulties satisfying its obligations as they came due. Anderson was the president of the corporation, and relying upon Smith's affidavit, the "owner" of the corporation. It is only reasonable to believe that Smith would not represent a client without some assurance of being compensated. The facts establish, and it is also reasonable to believe, particularly in the absence of any rebuttal evidence, that Anderson, being the sole owner of the corporation, was sufficiently financially interested and motivated to undertake primary liability. Cf., Seashell, Inc., supra. The agreement between Smith and Anderson is not, therefore, subject to the prescriptions of the parole evidence rule.
For the above and foregoing reasons the decision of the district court granting the motion for summary judgment of the plaintiff-appellee, Duncan M. Smith, Jr., is affirmed.
All costs of this appeal are assessed against the defendant-appellant, Hugh B. Anderson.
AFFIRMED.
GUIDRY, J., concurs and assigns reasons.
GUIDRY, Judge, concurring.
Plaintiff's affidavit, filed in support of his motion for summary judgment, clearly sets forth facts, which uncontroverted, establish that defendant is personally indebted to plaintiff. Although defendant urges on appeal that plaintiff's status, i.e., principal obligor or guarantor, is a disputed issue of material fact, he failed to file any counter affidavit, documents or depositions and even failed to appear at the hearing on the motion for summary judgment. Under these circumstances, the trial court did not err in rendering summary judgment. It is settled that when a motion for summary judgment is made and supported, the adverse party may not rest on the mere allegations or denials set forth in his pleadings, but must respond by affidavits or otherwise showing that there is a genuine issue for trial. Henderson v. The Administrators *928 of Tulane University of Louisiana, et al., 426 So.2d 291 (La.App. 4th Cir.1983), writ denied, 433 So.2d 160 (La. 1983); Parker v. Sears, Roebuck & Co., 418 So.2d 1361 (La.App. 2d Cir.1982).
For these reasons, I respectfully concur.