634 So.2d 1380 (1994)
Calvin FONTENOT, Plaintiff-Appellee,
v.
MISS CATHIE'S PLANTATION, INC., et al., Defendants-Appellants.
Greg TATE, Plaintiff-Appellee,
v.
MISS CATHIE'S PLANTATION, INC., et al., Defendants-Appellants.
Nos. 93-926, 93-927.
Court of Appeal of Louisiana, Third Circuit.
March 2, 1994.
*1381 Charles D. Soileau, Baton Rouge, for Calvin Fontenot.
Gerald J. Breaux, Opelousas, for Ms. Catherine's Plantation, Inc. et al.
Before WOODARD and DECUIR, JJ., and BERTRAND,[*] J. Pro Tem.
DECUIR, Judge.
The plaintiffs, Greg Tate and Calvin Fontenot, seek to recover from defendant, Raymond P. Landry, amounts owed to plaintiffs by Miss Cathie's Plantation, Inc., Catherine Doucet, and Jabot Productions, Inc., in connection with certain promissory notes executed in favor of plaintiffs. Plaintiffs' suits against Raymond P. Landry are grounded upon an alleged oral promise by Mr. Landry to pay the debt of Miss Cathie's Plantation, Inc., Catherine Doucet, and Jabot Productions, Inc.
Mr. Landry filed exceptions of no cause of action to plaintiffs' suits and subsequently motions for summary judgment on the grounds that a promise to pay the debt of another must be in writing. The trial court denied Mr. Landry's exceptions and motions for summary judgment. After a trial on the merits, reasons were assigned and judgments rendered in favor of plaintiffs and against Raymond P. Landry. Mr. Landry now appeals contending the trial court erred in failing to grant defendant's exceptions of no cause of action and motions for summary judgment, in failing to require a writing to prove defendant promised payment of amounts owed on certain promissory notes by third parties, and in finding plaintiffs met their burden of proving a pecuniary motive or independent promise by Mr. Landry to pay the debts of third parties.
A denial of an exception of no cause of action is interlocutory and not appealable where there is no showing of irreparable harm. La.C.C.P. arts. 1841, 2083; Wallace v. Pan American Fire & Casualty Ins. Co., 386 So.2d 158 (La.App. 3d Cir.1980). Merely requiring the parties to go to trial does not constitute irreparable injury. The test for determining whether an interlocutory judgment may cause irreparable harm is whether the procedural error will have such an effect on the merits of the case that the appellate court cannot correct an erroneous decision on the merits. Bernard v. Allstate Ins. Co., 396 So.2d 548 (La.App. 3d Cir.1981). We think in this case it would not. Likewise, the denial of a motion for summary judgment is an interlocutory judgment which is not subject to appeal. La.C.C.P. arts. 968, 1841; Louviere v. Byers, 526 So.2d 1253 (La.App. 3d Cir.1988), writ denied, 528 So.2d 153.
Mr. Landry's remaining assignments of error present the following issues, i.e. the applicability of the exception to La.C.C. art 1847 which provides that parol evidence is inadmissible to establish a promise to pay the debt of a third person, and whether plaintiffs met their burden of proving Mr. Landry promised to pay the debts of third parties and assumed a primary obligation, rather than a collateral or secondary obligation.

LAW
Parol evidence is admissable to prove a promise to pay the debt of a third person when the promisor assumes a primary obligation. The pecuniary or business motivation exception to the general rule that *1382 parol evidence may not be used to establish either suretyship or a promise to pay the debt of another applies only in those instances where the promisor by promising to pay the debt of a third party assumes a primary rather than secondary or collateral obligation. Youngblood v. Pendleton, 446 So.2d 946 (La.App. 3d Cir.1984); Seashell, Inc. v. Simon, 398 So.2d 99 (La.App. 3d Cir.1981). The question of whether the obligation is primary or collateral is factual. Appellate courts should not disturb a trial court's factual findings in the absence of manifest error. Further, where there is a conflict in testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed on review. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). We cannot say the trial court's finding is manifestly erroneous under the facts of this case.

FACTS
Plaintiff, Greg Tate, is the holder of two promissory notes, one made by Jabot Productions, Inc. and endorsed by Catherine A. Doucet in the amount of $5,000.00 and another made by Miss Cathie's Plantation and endorsed by Catherine Doucet in the amount of $3,000.00. The record reflects that the note in the amount of $5,000.00 was witnessed by defendant Landry. Mr. Tate alleges Mr. Landry solicited his investment, and that Mr. Landry not only personally guaranteed to repay the amount of the notes plus interest, but also guaranteed a 100% return on Mr. Tate's investments. Plaintiff, Calvin Fontenot, is the holder of a promissory note made by Jabot Productions, Inc. and endorsed by Catherine A. Doucet in the amount of $6,400.00. Mr. Fontenot also alleges that Mr. Landry solicited his investment and personally guaranteed repayment of the amount of the note plus interest and also guaranteed a 100% return on his investment. The record reflects the note in the amount of $6,400.00 was also witnessed by defendant Landry. The trial judge rendered judgment in favor of Mr. Fontenot in the amount of $6,400.00 plus 12% interest under the terms of the note and attorney's fees. Judgment was rendered in favor of Mr. Tate in the amount of $3,000.00 plus 12% interest and attorney's fees and in the amount of $5,000.00 plus 12% interest and attorney's fees.
The trial court found that Mr. Landry stood to profit from or had a material interest in the transactions sued upon. We note the trial court's comment: "It is obvious to this Court that Mr. Landry had a stake in this business and that his activity was an enterprise or an activity independent of the promissory note, notes signed by the other defendants." The trial court found that defendant Landry promised to pay the debts of the other defendants in order to induce the plaintiffs to invest money; that defendant Landry's promise was a new and independent obligation separate and apart from the promissory notes; and that the parol evidence was competent to prove defendant Landry's promise to pay the debts of the other defendants because Landry was motivated by a pecuniary interest.
The trial judge found the testimony of the two plaintiffs, Todd McDaniel, Earl Fontenot, and Jerry West to be credible. According to Mr. Tate's testimony, Mr. Landry repeatedly showed him "nice things" Landry was purportedly able to purchase from his investments. Mr. Tate testified defendant Landry told him that Landry was earning 60% interest and higher on his investments with the co-defendants; that defendant Landry asked Mr. Tate to invest with Miss Cathie's and Jabot Productions for the development of a theme park and offered to drive Mr. Tate to Opelousas to make the investment. Mr. Landry "picked up" Mr. Tate's money and returned to deliver the promissory notes to Mr. Tate. Mr. Landry told Mr. Tate that he was investing in Landry's investment "package", and Landry guaranteed payment on the notes executed in favor of Mr. Tate in addition to 100% return on his investments. According to Mr. Tate, Mr. Landry assured him he had "nothing to worry about." Plaintiff, Calvin Fontenot, testified Mr. Landry asked whether Mr. Fontenot would be interested in investing money with Landry. Landry thereafter drove Mr. Fontenot to Ms. Doucet's offices in Opelousas. Mr. Fontenot testified he dealt through defendant Landry in connection with his purported investment and that Mr. Landry *1383 guaranteed repayment of the amount due on the note executed in favor of Mr. Fontenot plus interest. It was Mr. Fontenot's understanding that Landry was being paid by Ms. Doucet for putting together a $300,000.00 investment package.
Todd McDaniel testified at trial that he has known Mr. Landry for 5 years; that Landry talked to several people about investing money; that Ms. Doucet offered defendant Landry "to turn over the package and by doing that whatever he generated in money he [Landry] was going [to] make the money that she would make on it." Mr. McDaniel testified that he had invested in what he believed was Landry's "package." Earl Fontenot also testified at trial that he invested money in what he believed was Landry's "package". According to Earl Fontenot's testimony, Mr. Landry approached Earl Fontenot for $5,000.00 to complete the "package", and Mr. Landry guaranteed 12% interest and as much as 62% return on Earl Fontenot's investment in Landry's package. We note that Mr. Landry made the appointment for Earl Fontenot and was present when Earl Fontenot met with Ms. Doucet, who went over the "package" with Mr. Fontenot. Jerry West testified defendant Landry told him about an investment in which he could earn a 62% return. Mr. West was told by Mr. Landry that he (Landry) was attempting to fill a "package". We note Mr. West's testimony:
"Well Ray came and talked to me about it and I just, he told me you know, we discussed the deals of it but when I got ready I just went to their office in Opelousas and Ray wasn't there, I just gave them the money and, but they understood that it was through Ray's package."
Applying the applicable law to the facts of the case sub judice, we find no error on the part of the trial court and affirm.
Affirmed. Costs of appeal are assessed to defendant-appellant.
NOTES
[*] Honorable Lucien C. Bertrand participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.