931 So.2d 1126 (2006)
Manufacturas Industriales Del Caribe, S. de R.L. de C.V., a.k.a. MINCA
v.
KATHRYN ARNETT STUDIO, L.L.C. and Kathryn Arnett.
No. 2005-CA-1174.
Court of Appeal of Louisiana, Fourth Circuit.
May 10, 2006.
Edward J. McCloskey, McCloskey & Langenstein, L.L.P., New Orleans, Counsel for Defendant/Appellant.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge DENNIS R. BAGNERIS Sr. and Judge ROLAND L. BELSOME).
JOAN BERNARD ARMSTRONG, Chief Judge.
This appeal arises out of a suit on open account. The defendants, Kathryn Arnett and Kathryn Arnett Studio, L.L.C., appeal the trial court's summary judgment in favor of the plaintiff, Manufacturas Industriales del Caribe, S. de R.L. de C.V., a/k/a MINCA[1]. For the reasons assigned, we affirm the trial court's judgment.
On July 3, 2003, the appellee filed a petition on open account and for damages against the appellants alleging an indebtedness of $19,499.64 plus interest, for goods sold and delivered. Service of the motion for summary judgment was made *1127 on Kathryn Arnett Studio, L.L.C. through its registered agent, Robert M. Steeg, on July 29, 2004. The record also reflects that domiciliary service was made on Kathryn Arnett on August 3, 2004, through Melissa Terry at 4305 California Avenue in Kenner, Louisiana.
The matter came before the trial court on October 1, 2004. In support of the motion for summary judgment, the appellee introduced copies of invoices for the goods sold and delivered to the appellants. The appellee also presented the affidavit of its General Manager, Marcio Romeo Villafranca Guerrero. Mr. Guerrero stated that from the inception of the business relationship in May of 2000, Ms. Arnett personally guaranteed payment of the goods purchased. Mr. Guerrero further stated that sometime in 2001, Ms. Arnett began complaining of quality problems with some of the merchandise and deducted the costs of the alleged defects from her payments. The affidavit also notes that the appellants at no time returned any products to the appellee. In spite of the dispute, the appellants continued to place orders with the appellee. The appellee's memorandum in support of the motion for summary judgment and the attached invoices reflect that the appellants failed to pay $18,586.84 due on invoice No. 30 and $912.80 due on merchandise that Ms. Arnett took possession of in Honduras on May 19, 2003.
The appellants did not file an opposition to the motion for summary judgment and did not appear at the hearing on the motion. The trial court rendered judgment in favor of the appellee and against Kathryn Arnett and Kathryn Arnett Studio, L.L.C., in solido, in the amount of $19,499.64, the total of the two invoices presented, plus court costs, statutory attorneys' fees and legal interest. The trial court denied the appellee's damage claim for economic loss. This timely devolutive appeal followed.
The appellants assert two assignments of error on the part of the trial court, alleging improper service on Ms. Arnett and insufficient evidence of Ms. Arnett's individual liability. We note that the correctness of the account is not in dispute.
Appellate courts review summary judgments de novo under the same criteria governing the trial court's consideration of whether summary judgment is appropriate. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180, 1182. Favored in Louisiana, the summary judgment procedure "is designed to secure the just, speedy, and inexpensive determination of every action" and shall be construed to accomplish these ends. King v. Parish National Bank, 04-0337, p. 7 (La.10/19/04), 885 So.2d 540, 545, quoting La. C.C.P. art. 966(A)(2).
Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B); Jones v. Estate of Santiago, 03-1424, p. 5 (La.4/14/04), 870 So.2d 1002, 1006. The initial burden of proof remains with the mover to show that no genuine issue of material fact exists. If the mover has made a prima facie showing that the motion should be granted, the burden shifts to the non-moving party to present evidence demonstrating that a material factual issue remains. The failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. La. C.C.P. art. 966 C(2). Hutchinson v. Knights of Columbus, Council No. 574, 03-1533, pp. 6-7 (La.2/20/04), 866 So.2d 228, 233.
*1128 Ms. Arnett contends that she was living in Honduras on August 3, 2004, and that she has never lived at 4305 California Avenue in Kenner, Louisiana. Moreover, the appellants argue that there is nothing in the record to support domiciliary service on Ms. Arnett. To the contrary, the record clearly contains the sheriff's return indicating domiciliary service on Ms. Arnett through Melissa Terry at 4305 California Avenue on August 3, 2004. Considering the record, we cannot say that the trial court erred in rendering a judgment against Ms. Arnett based on the evidence before it. Accordingly, we find no merit in the appellants' first assignment of error.
The appellants argue that there is no evidence that Ms. Arnett bound herself personally for any amounts owed by Kathryn Arnett Studio, L.L.C. The evidence presented in support of the motion for summary judgment consists of the statement made by Mr. Guerrero in his affidavit that Ms. Arnett personally guaranteed payment. The appellants offered no evidence to rebut this claim.
We note that the personal guaranty is not in writing. La. C.C. art. 1847 provides that "[p]arol evidence is inadmissible to establish ... a promise to pay the debt of a third person ...." A well-recognized exception to this rule includes instances wherein the oral promise to pay is prompted by a pecuniary or business motivation on the part of the promisor. Deutsch, Kerrigan & Stiles v. Fagan, 95-0811, 95-0812, p. 6 (La.App. 1 Cir. 12/15/95), 665 So.2d 1316, 1320. The exception applies in those instances where the promisor, by promising to pay the debt of a third person, assumes a primary obligation, rather than a collateral or secondary obligation. Fontenot v. Miss Cathie's Plantation, Inc., 93-926, 93-927 (La.App. 3d Cir.3/2/94), 634 So.2d 1380, 1381-1382. If the agreement to pay is not made primarily to answer for another, but is impelled from the pecuniary or business motives of the promisor, then the promise to pay is, in effect, a new and independent agreement and parol evidence is admissible to establish the existence of the agreement. Leake & Andersson, L.L.P. v. Loo-Hernandez, 97-1077, p. 4 (La.App. 4 Cir. 12/10/97), 704 So.2d 924, 926, quoting Marmedic, Inc. v. Int'l Ship Management & Agency Services, Inc., 425 So.2d 878 (La.App. 4 Cir.1983). In the present case, it is clear that Ms. Arnett had a pecuniary motive to promise to pay her company's debt.
After our de novo review of the record in its entirety, we must conclude that the appellee has made a prima facie showing that no material issues of fact exist as to Ms. Arnett's personal obligation for the debts of her company. Furthermore, we conclude that the appellants did not meet their required burden of presenting evidence of a material factual dispute. The summary judgment statute clearly states if the party in opposition to the motion for summary judgment "fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact." La. C.C.P. art. 966 C(2). In the case before us, the appellants had ample opportunity during the two months between the service of the motion for summary judgment and the date of the hearing to present evidence in opposition to the motion for summary judgment. An adverse party to a supported motion for summary judgment may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided by law, must set forth specific facts showing that there is a genuine issue of material fact for trial. La. C.C.P. art. 967; Townley v. City of Iowa, 97-493 *1129 (La.App. 3 Cir. 10/29/97), 702 So.2d 323, 326.
Accordingly, we find that the appellee has met its burden of proving the grounds for its motion for summary judgment in the absence of any contrary evidence of record.
For the foregoing reasons, we affirm the October 10, 2004 judgment of the trial court.
AFFIRMED.
NOTES
[1] MINCA is a manufacturing company located in Puerto Cortes, Honduras.