KLIEBERT, Judge.
The plaintiffs, Albert Robichaux, Jr., Marie C. Brashears, and Claire H. D’Antoni, all teachers in the Jefferson Parish School System, filed on July 14,1980, a petition under the Teacher Tenure Act (LSA R.S. 17:441-444) against the Jefferson Parish School Board and Lawrence J. Sisung, Jr., Superintendent of the Jefferson Parish School System, defendants. The petition sought (1) the issuance of a preliminary injunction preventing the defendants from changing the plaintiffs’ employment position from an administrative position to a classroom teacher, (2) the issuance of a writ of mandamus directing the defendants to return plaintiffs to their administrative positions, and (3) a judgment perpetuating the preliminary writ of injunction by making it permanent. The defendants answered the petition and alleged that based upon budgetary assumptions and criteria concerning the fiscal management of the school system, the School Board made numerous budgetary cuts and concurred with the Superintendent’s temporary personnel reassignments for the school year 1980-1981. The temporary reassignment of the plaintiffs was a small portion of an overall reassignment program of personnel calculated to save $750,000.00 pending a complete revaluation of the administrative structure of the school system and that such reassignment would expire at the end of the 1980-81 school year. During the school year, the plaintiffs would maintain their previously existing job titles, positions and salaries.
By stipulation of the parties, a hearing for both, the preliminary and permanent injunctions, was held on several days in August 1980. At the conclusion of the hearing, on August 26, 1980, the trial judge found (1) the plaintiffs would retain their job titles and salaries, and (2) the reassignment of duties was temporary. Based on those findings he concluded the Teacher Tenure Law had not been violated and accordingly, refused to grant the writs of injunction or of mandamus. The plaintiffs filed this devolutive appeal.
After the record was lodged in this Court,[1] the defendants filed a motion to dismiss the appeal based on the following:
“... appellants have no cause of action because the relief prayed for by them, namely that they be returned to their former positions together with all emoluments and benefits pertaining thereto, was accomplished by the Jefferson Parish School Board and Lawrence J. Sisung, Jr., on or before June 30, 1981. Therefore, appellants’ action for injunctive relief and a writ of mandamus is moot and no justiciable controversy any longer exists between the parties upon which this Honorable Court can grant relief.”
Considering the briefs in support of the motion and in opposition thereto, the oral arguments made at the same time and the record before us, we agree with the allegations made by the defendant in the motion to dismiss.
The prayer of plaintiffs’ petition was for the issuance of a writ of injunction to prevent the defendants from assigning them from an administrative position to the duties of a classroom teacher and/or a writ of mandamus directing the defendants to return plaintiffs to their former position. From the inception, the defendants maintained the position that the reassignment of duties was a temporary one and plaintiffs would maintain their same job titles and salaries and be returned to the same assignments at the conclusion of the 1980-81 school year. In June of 1981, they were in fact returned to their former positions by the voluntary action of the defendants. There was, therefore, no longer a justiciable controversy between the parties and no practical result can follow from any action we take on the appeal.
The courts have repeatedly held that where the relief sought has been given or acquiesced in the matter is moot; conse *841 quently, no appeal lies therefrom. Brannan v. Babin, 380 So.2d 163 (1st Cir.1979), writ denied 382 So.2d 165. Rendering an opinion on a moot issue would be an advisory opinion which we are not prone to render, except in those instances specifically provided by law, such as, an action for a declaratory judgment and even there, it is necessary to have a justiciable controversy between the parties.
Accordingly, the plaintiffs’ appeal is dismissed at their cost.
AFFIRMED.

. The record was not lodged in this Court until May 1982. The basis for the delay is not reflected by the record.