SUSAN M. CHEHARDY, Chief Judge.
13This matter involves two consolidated workers’ compensation cases. The various defendants and their insurers dispute which of them employed the claimant at the time of his injury. There is also a dispute about the applicability of one insurer’s policy. The trial court granted judgment in favor of one defendant, finding it did not employ the claimant, and also found in favor of the insurer who contested coverage. The other defendants appeal. We reverse and remand.
FACTS
On May 27, 2010, Gustavo Reyes (“Reyes”) filed a Disputed Claim for Compensation with the Office of Workers’ Compensation (“OWC”), alleging that he was entitled to workers’ compensation benefits, medical benefits, penalties and attorneys’ fees. Reyes v. Southern Environmental of Louisiana, LLC (No. 10-04814 in the Office of Workers’ Compensation; No. 13-CA-380 on the docket of this Court). Reyes stated he was working on scaffolding on October 26, 2009, when he *452 fell off, striking his head and back, while working for Southern Environmental of Louisiana LLC (“Southern Environmental”).
Reyes amended his compensation claim to add Southern Labor Services, Inc. (“Southern Labor”) as an employer and Louisiana Construction & Industries, Self Insurers’ Fund (“LCISIF”) as an insurer. According to Reyes, he worked for [4both Southern Environmental and Southern Labor on the date of his alleged accident.
Reyes amended his claim a second time to add Asbestos Abatement Contractors, Inc. (“Asbestos Abatement”) as his “borrowing and/or statutory” employer. He amended the claim a third time to add Louisiana Workers’ Compensation Corporation (“LWCC”) as insurer of both Southern Environmental and Asbestos Abatement.
Southern Labor filed an answer admitting that Reyes was its employee at the time of the alleged injury.
Asbestos Abatement and Southern Environmental both denied that they were Reyes’ employer on October 26, 2009. LWCC admitted that it insured Southern Environmental and Asbestos Abatement on the date of Reyes’ accident, but denied that Southern Environmental and/or Asbestos Abatement were Reyes’ employers.[1] Instead, LWCC alleged that Southern Labor was Reyes’ employer on October 26, 2009.
LCISIF filed Exceptions of No Cause of Action and Insufficiency of Citation and Service of Process, alleging that a direct cause of action was not permitted against a self-insurer’s fund under Louisiana law. Over opposition, the OWC court sustained the exceptions and dismissed LCISIF from No. 10-94814 on May 7, 2012.
On April 25, 2012, LCISIF filed a separate Disputed Claim for Compensation with the Office of Workers’ Compensation, against Joaquin Roque and Stacey Roque, individually and as members/owners of Southern Labor. Louisiana Construction & Industry, Self-Insurers Fund v. Roque (No. 12-02894 in the Office of Workers’ Compensation; No. 13-CA-381 on the docket of this Court). LCISIF disputed that Southern Labor employed Gustavo Reyes on October 26, 2009; that Reyes sustained injury in an accident arising out of and during the course of employment with Southern Labor on October 26, 2009; and that there was an indemnity agreement and/or policy of workers’ compensation insurance in effect between LCI-SIF and Southern Labor on that day.
The Roques filed an answer denying that they employed Reyes in their individual capacity, but alleging that Reyes was “employed by Southern Environmental of Louisiana, LLC on October 26, 2009” and that “that issue is the primary issue in dispute in matter # 10-04814 of this Court.”
The OWC court consolidated Reyes’ suit (No. 10-04814) with LCISIF’s suit (No. 12-02894) to prevent conflicting decisions regarding the same facts and issues.
Subsequently LCISIF amended its Disputed Claim for Compensation to add as *453 defendants Southern Environmental, Gulf Coast Services of Bridge City, LLC and Asbestos Abatement. LCISIF alleged that on October 26, 2009, Southern Environmental and/or Gulf Coast were direct or borrowing employers of Reyes; that Asbestos Abatement was a statutory or borrowing employer of Reyes; and that LWCC was the insurer of both Southern Environmental and Asbestos Abatement.
LCISIF then filed a Motion for Judgment on the Pleadings or Alternatively, Motion for Declaratory Judgment, asking the OWC court to declare at a summary proceeding that Southern Labor was not Reyes’ employer on October 26, 2009, and that LCISIF did not provide workers’ compensation coverage to Southern Labor on October 26, 2009 due to cancellation of coverage. LCISIF also requested a ruling on whether LCISIF owed a contractual obligation to defend and/or 1 (¡indemnify Southern Labor for the claim asserted by Reyes. In connection with this request for a declaratory judgment, LCISIF submitted various items of evidence.
In response LWCC filed a Memorandum in Opposition, arguing that at the very least, there were too many issues of material fact as to whether Southern Labor, not Southern Environmental, was one of Reyes’ employers on October 26, 2009. Alternatively, LWCC argued that, according to deposition testimony and business records obtained during discovery, Southern Labor, not Southern Environmental, was Reyes’ employer on October 26, 2009.
The OWC court held hearings on LCI-SIF’s Motion for Judgment on the Pleadings or Alternatively, Motion for Declaratory Judgment, over the course of two days, September 13 and October 26, 2012. The court handled LCISIF’s request for declaratory judgment in a summary proceeding, considering memoranda filed by the parties, deposition transcripts, affidavits, business records, and oral argument by counsel.
The OWC court rendered judgment on November 13, 2012, declaring that Reyes was not an employee of Southern Labor on the date of his accident, and that there was no workers’ compensation coverage in place between LCISIF and Southern Labor on October 26, 2009. The court did not provide written reasons for judgment.
LWCC, Southern Environmental, and the Roques filed timely Motions for Devol-utive Appeal on December 17, 2012.
ASSIGNMENTS OF ERROR
On appeal, LWCC makes two assignments of error: (1) The OWC court erred by relying upon documents beyond the pleadings to grant a motion for judgment on the pleadings; and (2) the OWC court erred when it rendered a declaratory judgment at a summary proceeding, while ignoring an abundance of 17material issues of fact in dispute that prohibited that decision even on a summary judgment standard.
Southern Environmental and the Ro-ques also make two assignments of error on appeal: (1) The OWC court committed legal error when it treated LCISIF’s request for declaratory judgment as a summary proceeding; (2) The OWC court committed error when it ruled that there existed no genuine issue of material fact concerning the existence of LCISIF’s coverage for Southern Labor on the date of Reyes’ accident. Southern Environmental and the Roques do not challenge the OWC court’s determination that Reyes was not an employee of Southern Labor on the date of his accident.
In response, LCISIF asserts the OWC court was correct in finding that Reyes was not employed by Southern Labor on October 26, 2009, and also correct in finding that there was no workers’ compensa *454 tion coverage agreement between LCISIF and Southern Labor in effect on October 26, 2009. LCISIF also contends the appellants are precluded from protesting the use of summary proceedings because they failed to object in the court below.
LAW AND ANALYSIS

Judgment on the Pleadings

La. C.C.P. art. 965 states,
Any party may move for judgment on the pleadings after the answer is filed, or if an incidental demand has been instituted after the answer thereto has been filed, but within such time as not to delay the trial. For the purposes of this motion, all allegations of fact in mover’s pleadings not denied by the adverse party or by effect of law, and all allegations of fact in the adverse party’s pleadings shall be considered true.
In considering a motion for judgment on the pleadings, nothing beyond the pleadings may be considered; supporting evidence may not be considered. Daigre v. Int’l Truck & Engine Corp., 2010-1379, p. 5 (La.App. 4 Cir. 5/5/11), 67 So.3d 504, 508, writ denied, 2011-1099 (La.9/16/11), 69 So.3d 1144; Gibbens v. Wendy’s Foods, Inc., 31,487, pp. 3-4 (La.App. 2 Cir. 1/20/99), 729 So.2d 629, 631-632; Thomas v. Allstate Ins. Co., 367 So.2d 1300, 1301 (La.App. 4th Cir.1979).
A motion for judgment on the pleadings neither requires nor permits supporting affidavits, and on such a motion a trial court is not at liberty to consider any matter not within the pleadings. Daigre, supra; Hygrade Inv., Inc. v. Leonard, 197 So.2d 702, 704 (La.App. 4th Cir.1967).
In support of its Motion for Judgment on the Pleadings, LCISIF submitted the deposition transcript of Stacey Roque from another suit, including documents attached to that deposition, the deposition transcript of Joaquin Roque, documents from the Secretary of State, an affidavit of an LCISIF employee, an affidavit of LCI-SIF’s attorney, discovery responses, and unauthenticated check stubs from Southern Environmental’s bank account. In addition, LCISIF offered the answer filed by Joaquin Roque and Stacey Roque in response to the Disputed Claim for Compensation filed by LCISIF in docket number 12-02894.
The OWC judge allowed and considered multiple types of documents beyond the pleadings. That was clear error. Accordingly, we are required to reverse the judgment on the pleadings.

Declaratory Judgment

La. C.C.P. art. 1871 provides for declaratory judgments, as follows:
Courts of record within their respective jurisdictions may declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for; and the existence of another adequate remedy does not preclude a judgment for |9decIaratory relief in cases where it is appropriate. The declaration shall have the force and effect of a final judgment or decree.
“[I]t is fundamental to Louisiana law that a declaratory judgment can be rendered only after the holding of a trial on the merits if the determination involves an issue of fact. LSA-C.C.P. art. 1879.” Thompson v. Copolymer Intern. Inc., 446 So.2d 1339, 1341 (La.App. 1st Cir.1984), writ denied, 449 So.2d 1041, 449 So.2d 1344, and 449 So.2d 1347 (La.1984).
A claim for declaratory relief is not a summary proceeding; it requires a trial on the merits where each party has an *455 opportunity to present evidence in a form other than verified pleadings and affidavits. La. C.C.P. arts. 1879 and 2592. Therefore, a merits trial as to whether the appellants are entitled to the [relief] they seek is required.
Apasra Properties, LLC v. City of New Orleans, 2009-0709, p. 18 (La.App. 4 Cir. 2/11/10), 31 So.3d 615, 626-627.
In the instant matter, the issue of whether LCISIF’s policy remained in effect at the time of Reyes’ accident was a factual issue that was disputed by the parties. There was evidence before the OWC court that indicated that LCISIF’s coverage remained in effect at the time. There clearly were issues of fact to be determined. Even if the OWC court wanted to consider the declaratory action as a motion for summary judgment, as opposed to an ordinary proceeding, it could not ignore these material issues of fact.
Accordingly, the matter should not have been handled in a summary proceeding, but rather in an ordinary proceeding, where the evidence could be properly presented. This issue should have been decided at a trial on the merits. Failure of the court to recognize that a factual dispute existed, and that a summary proceeding was an inappropriate vehicle for the issue’s determination, is reversible 110error. Therefore, we reverse the declaratory judgment and remand for further proceedings.
Finally, we find no merit to LCISIF’s contention that none of the other parties opposed the use of summary proceedings. In fact, LWCC did state opposition to decision of the issues by summary proceedings in its argument, as well as asserting there are too many genuine issues of material fact regarding Reyes’ employers on October 26, 2009, to grant the motion for declaratory judgment.
DECREE
For the foregoing reasons, the judgment is reversed and the matter is remanded for further proceedings in accordance with this opinion. Costs of this appeal are assessed against the appellee, Louisiana Construction & Industries, Self Insurers’ Fund.

REVERSED AND REMANDED.

. LWCC and Gustavo Reyes entered into a consent judgment on October 26, 2012 in which LWCC admitted that it had in force and effect a workers’ compensation policy in favor of Southern Environmental and Asbestos Abatement. By entering into the consent judgment, LWCC acknowledged that either Southern Environmental and/or Asbestos Abatement were liable to Reyes for his October 26, 2009 accident, whether classified as a statutory employer, borrowing employer, joint employer and/or lending employer. However, LWCC reserved its rights to pursue contribution from Southern Labor as either Reyes' lending or joint employer, and/or LCISIF, Southern Labor’s insurer.