LILJEBERG, J.
This matter involves a petition for partition by licitation filed by plaintiff/appellee, Gadrel, L.L.C. ("Gadrel"). Defendant/Appellant, Arthur Alphonse Williams, appeals a judgment granting a motion for judgment on the pleadings filed by Gadrel. In the judgment, the trial court declared that Gadrel and Mr. Williams each owned an undivided one-half interest in the immovable property subject to the partition, granted partition by licitation, ordered the Jefferson Parish Sheriff to seize and sell the immovable property without appraisal, and ordered the net proceeds of the sale to be split evenly between Gadrel and Mr. Williams. Mr. Williams filed a motion for devolutive appeal. On appeal, Mr. Williams discloses that the partition by licitation was completed as the property at issue was sold on September 20, 2017.
For reasons set forth more fully below, we find the trial court erred in granting the motion for judgment on the pleadings and reverse that ruling. However, because Mr. Williams failed to file a suspensive appeal to halt the sale of the property and the sale has occurred, we cannot reverse the portions of the judgment ordering partition by licitation and seizure and sale of the immovable property as the sale of the property rendered Mr. Williams' request to reverse these portions of the judgment moot. Therefore, in addition to reversing the trial court's decision to grant the motion for judgment on the pleadings, we reverse the portions of the judgment declaring that Gadrel and Mr. Williams each own an undivided one-half interest in the immovable property and declaring that the net proceeds of the sale be split evenly between Gadrel and Mr. Williams.
FACTS AND PROCEDURAL HISTORY
On June 20, 2016, Gadrel filed a Petition for Partition by Licitation alleging in paragraph four of the petition that it owned an undivided one-half interest in immovable property located at 3150 August Street in Jefferson Parish (the "Property"). In paragraph five of the petition, Gadrel alleged that it acquired its interest in the Property from "Betty Joyce Williams via Act of Cash Sale dated January 6th, 2016..." and that "ARTHUR ALPHONSE WILLIAMS and Betty Joyce Williams acquired the Property from Nolan Lionel Lee via Sheriff's Deed dated February 2nd, 1999...." In paragraphs six and seven of the petition, Gadrel requested that the trial court grant his request for partition by licitation and order the Jefferson *511 Parish Sheriff to seize and sell the property.
Mr. Williams filed an answer admitting the allegations in paragraphs four and five of the petition and denied the allegations in paragraphs six and seven. Mr. Williams did not allege any affirmative defenses. Gadrel then filed a motion for judgment on the pleadings arguing that by admitting all of the factual allegations in paragraphs four and five of the petition, Mr. Williams admitted that Gadrel owned half of the Property and was a co-owner entitled to partition the Property. Gadrel further alleged that the Property was a small lot improved by a house which occupied most of the surface area, and therefore, partition in kind was not appropriate, leaving partition by licitation the only available remedy.
In response to the motion for judgment on the pleadings, Mr. Williams filed an opposition in which he argued that the sale of half of the Property by his ex-wife, Betty Williams, to Gadrel was invalid because it was a community property asset acquired during their marriage. Mr. Williams argued that pursuant to La. C.C. art. 2347, Ms. Williams could not sell the property to Gadrel without his consent and he did not agree to the sale.[1] Mr. Williams also filed a motion for leave to amend his answer. The proposed amended answer attached to the motion did not seek to reverse Mr. Williams' prior admissions to the allegations in the petition, but rather sought to add "affirmative defenses of invalidity of the Act of Sale which plaintiff claims its one-half (1/2) ownership of the subject property, as well as lesion beyond moiety."
On January 4, 2017, the trial court granted Mr. Williams' motion to amend his answer and denied Gadrel's motion for judgment on the pleadings as moot. Mr. Williams filed his amended answer adding the affirmative defenses quoted above on April 3, 2017. On April 13, 2017, Gadrel filed a second motion for judgment on the pleadings, again noting that in his answer, Mr. Williams admitted Gadrel owned an undivided one-half interest in the Property. Gadrel further argued that the affirmative defenses raised in the amended answer did not "properly remedy" Mr. Williams' admissions.
The trial court set the second motion for judgment on the pleadings for hearing on June 13, 2017. Mr. Williams did not file an opposition brief. According to the minute entry from that court date, Mr. Williams' counsel did not appear for the hearing and the trial court granted Gadrel's motion for judgment on the pleadings. The trial court entered a written judgment on June 19, 2017, which ordered as follows:
IT IS ORDERED, ADJUGED, AND DECREED that Petitioner, GADREL, L.L.C.'s Motion for Judgment on the Pleadings is hereby GRANTED.
IT IS FURTHER ORDERED, ADJUGED, AND DECREED that judgment is entered in favor of Plaintiff, Gadrel L.L.C. and against defendant, Arthur Alphonse Williams, declaring that petitioner, GADREL, L.L.C., and *512 defendant, Arthur Alphonse Williams, each own an undivided one half ( 1/2) interest in co-ownership, of the immovable property located at 3150 Augusta Street in Kenner, Louisiana, further described herein.
IT IS FURTHER ORDERED, ADJUGED, AND DECREED that Partition by Licitation is GRANTED.
IT IS FURTHER ORDERED, ADJUGED, AND DECREED that the Sheriff of Jefferson Parish shall seize and sell the following related property in order to satisfy the Partition by Licitation:
* * *
IT IS FURTHER ORDERED, ADJUGED, AND DECREED that the sale/auction of the property is to be conducted without appraisal and that the purchaser of the property shall present one hundred percent (100%) of the purchase price in cash or cash equivalent immediately upon the conclusion of said sale/auction, with the net proceeds, after deduction of Sheriff's costs, of said sale being apportioned as follows:
One half (1/2) of the remaining proceeds is to be paid to GADREL L.L.C., and one-half (1/2) of the remaining proceeds is to be paid to Arthur Alphonse Williams.
On July 31, 2017, Mr. Williams filed a motion for devolutive appeal, which the trial court granted on August 1, 2017. In his appellate brief, Mr. Williams notes that Gadrel sought to enforce the Judgment and on September 20, 2017, the Property was sold.
DISCUSSION
On appeal, Mr. Williams contends the trial court erred by granting Gadrel's motion for judgment on the pleadings. Mr. Williams contends that though he admitted the act of sale of half of the Property occurred between Betty Williams and Gadrel, he did not admit the sale was "legally valid." He contends that the act of sale is invalid or null pursuant to La. C.C. art. 2347 because Ms. Williams and Gadrel did not obtain his concurrence prior to proceeding with the sale.
In response, Gadrel argues Mr. Williams' admissions in his answer and his failure to amend these admissions, as well as his failure to oppose the second motion for judgment on the pleadings and his failure to appear in court, amount to a concurrence in the sale giving rise to Gadrel's right as a co-owner.
La. C.C.P. art. 965 states:
Any party may move for judgment on the pleadings after the answer is filed, or if an incidental demand has been instituted after the answer thereto has been filed, but within such time as not to delay the
trial. For the purposes of this motion, all allegations of fact in mover's pleadings not denied by the adverse party or by effect of law, and all allegations of fact in the adverse party's pleadings shall be considered true.
In considering a motion for judgment on the pleadings, nothing beyond the pleadings may be considered. Reyes v. S. Envt'l. of La., L.L.C. , 13-380 c/w 13-381 (La. App. 5 Cir. 12/19/13), 131 So.3d 450, 454 ; Daigre v. Int'l Truck & Engine Corp., 10-1379 (La. App. 4 Cir. 5/5/11), 67 So.3d 504, 508, writ denied , 11-1099 (La. 9/16/11), 69 So.3d 1144. A motion for judgment on the pleadings neither requires nor permits supporting affidavits, and on such a motion a trial court is not at liberty to consider any matter not within the pleadings. Reyes, supra.
A motion for judgment on the pleadings is primarily utilized by plaintiffs to test the sufficiency of the allegations of the defendant's answer, including any affirmative *513 defense. 1 Frank L. Maraist, Louisiana Civil Law Treatise, Civil Procedure, § 6.8, p.168 (2d ed. 2008). A court should sustain a motion for judgment on the pleadings only if the allegations exclude every reasonable hypotheses upon which the party opposing the motion can prevail. Serio v. Chadwick , 66 So.2d 9, 16 (La. App. 2nd Cir. 1953).
Our courts favor giving a party his day in court; therefore, a judgment on the pleadings is granted only when the legal right is clearly established. In re Succession of Mack , 366 So.2d 1063, 1064 (La. App. 1st Cir. 1978) ; I.F. v. Adm'rs of the Tulane Educ. Fund , 11-308 (La. App. 4 Cir. 8/24/11), 72 So.3d 462, 467. The presence of a conflict in the pleadings precludes the granting of a motion for judgment on the pleadings. See First Metropolitan Bank v. Plaia , 384 So.2d 560, 565 (La. App. 4th Cir. 1980).
A motion for judgment on the pleadings presents solely a question of law. Dragon v. American Bank & Trust Co ., 205 So.2d 473, 474 (La. App. 3 Cir. 12/29/67). Questions of law are reviewed de novo without deference to the legal conclusions of the trial court. Power v. State Farm Fire & Cas. Co. , 15-796 (La. App. 5 Cir. 5/26/16), 193 So.3d 471, 473.
After reviewing the record de novo , we find the trial court erred in granting Gadrel's motion for judgment on the pleadings. Though Mr. Williams admitted the allegations that Gadrel was a co-owner of the Property as the result of Betty Williams' sale of half of the property to Gadrel, Mr. Williams also raised an affirmative defense alleging the sale of the Property was invalid. We do not agree with Gadrel's assertion on appeal that Mr. Williams' failure to amend his admissions and his subsequent failure to oppose the second motion for judgment on the pleadings constituted a concurrence to Ms. Williams' sale of her interests in the Property to Gadrel. A conflict existed in the pleadings with respect to the validity of the sale to Gadrel and therefore, its rights as a co-owner of the Property entitled to seek partition by licitation. Therefore, we find the trial court erred by granting Gadrel's motion for judgment on the pleadings and reverse the trial court's ruling.
This Court, however, cannot reverse the portion of the trial court's June 19, 2017 Judgment, which granted partition of the Property by licitation and ordered the Sheriff of Jefferson Parish to seize and sell the property without appraisal. Mr. Williams failed to file a suspensive appeal and concedes the sale of the Property occurred on September 20, 2017. Accordingly, for the following reasons, we conclude sua sponte that the request to reverse the seizure and sale of the Property is now moot.
A moot case is one which seeks a judgment or decree which, when rendered, can give no practical relief. United Cos. Lending Corp. v. Hall , 97-2525 (La. App. 1 Cir. 11/6/98), 722 So.2d 48, 50. Courts have established the rule that moot issues will not be considered on appeal. See Robichaux v. Jefferson Parish School Bd. , 428 So.2d 839, 840-41 (La. App. 5th Cir. 1983) ; State ex rel Guste v. Louisiana Commission , 297 So.2d 750, 752 (La. App. 1st Cir.1974). As a matter of judicial economy, an appellate court has a right to consider the possibility of mootness on its own motion and to dismiss the appeal if the matter has become moot. Whitney Nat'l Bank v. Poydras Center Associates , 468 So.2d 1246, 1248 (La. App. 4th Cir. 1985) ; Aucoin v. Evangeline Parish Police Jury , 338 So.2d 789, 790 (La. App. 3rd Cir.1976) ; Cain v. Board of Supervisors, Ouachita Parish , 335 So.2d 711, 712 (La. App. 2nd Cir.1976).
*514 In Crosstex LIG, L.L.C. v. Clark , 12-315 (La. App. 3 Cir. 3/6/13), 128 So.3d 1057, 1059, the Third Circuit explained that a judgment ordering a sale to effect a partition by licitation is executory after the expiration of the delay for a suspensive appeal, and after that delay expires all power to prevent the execution of the judgment is lost. Therefore, the Crosstex court held that since the sale of the property was complete the devolutive appeal of the judgment ordering partition by licitation was moot. Id. ; see also Cooley v. Merriman , 590 So.2d 718, 720 (La. App. 3rd Cir. 1991).
In Hagstette v. Wadsworth , 220 La. 666, 57 So.2d 222, 224 (1952), the Louisiana Supreme Court stated:
[T]he judgment ordering the sale to effect a partition becomes executory ten days after it is signed and that after the expiration of the delay for a suspensive appeal, while the party cast has the right to a devolutive appeal within one year, all power to oppose or prevent the execution of the judgment is lost. If the party cast fails to protect his rights by suspending the execution of the judgment in the manner prescribed by law, the court can not undo what has already been done by virtue of the judgment while it was executory. It was pointed out therein that such a sale in pursuance of a mandate of court transfers the property as completely as if the owner had sold it himself. ...
Thus, the judgment of the trial court ordering the Property to be partitioned by licitation in the present matter became executory after the suspensive appeal delays expired. The fact that the judicial sale is now consummated renders moot Mr. Williams' request to reverse the portions of the judgment which granted the partition by licitation and ordered the Sheriff to seize and sell the Property without appraisal and to deduct its costs from the sale proceeds.
Therefore, Mr. Williams' rights in these proceedings are relegated to the partition of the proceeds of the sale. See Jacob v. Dornier , 427 So.2d 651, 653, fn.1 (La. App. 5th Cir. 1983) ; Cooley , 590 So.2d at 720.
DECREE
Based on the foregoing, we reverse the trial court's judgment granting the motion for judgment on the pleadings and vacate the provision of the judgment declaring that Gadrel and Mr. Williams each owned an undivided one-half interest in the immovable property described in the judgment and declaring that the net proceeds of the sale be split evenly between Gadrel and Mr. Williams. Mr. Williams' appeal of the portions of the judgment which granted the partition of the immovable property at issue by licitation and ordered the Jefferson Parish Sheriff to seize and sell the property without appraisal and to deduct his costs from the sale proceeds is moot and dismissed.
REVERSED IN PART; DISMISSED AS MOOT IN PART AND REMANDED

La. C.C. art. 2347 provides in pertinent part that "[t]he concurrence of both spouses is required for the alienation, encumbrance, or lease of community immovables ...." Gadrel states in its appellate brief that the Williams divorced on June 29, 2007 and never partitioned their community property regime, and Mr. Williams refers to Betty Williams as his ex-wife. If the Williams are divorced, then after that date, La. C.C. art. 2369.4 would apply and also provides that a "spouse may not alienate, encumber, or lease former community property or his undivided community interest in that property without the concurrence of the other spouse, except as provided in the following Articles. In the absence of such concurrence, the alienation, encumbrance, or lease is a relative nullity."