LANDRY FOR LOUISIANA, INC. AND
JEFFREY M. LANDRY

VERSUS

DWAYNE G. ALEXANDER

NO. 20-CA-106

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 787-934, DIVISION "N"
HONORABLE STEPHEN D. ENRIGHT, JR., JUDGE PRESIDING

December 16, 2020

**MARC E. JOHNSON**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Jude G. Gravois, and Marc E. Johnson

**DECLARATORY JUDGMENT AFFIRMED; JUDGMENT ON THE
PLEADINGS REVERSED.**
    **MEJ**
    **SMC**
    **JGG**

COUNSEL FOR INTERVENOR/APPELLEE,
HARVEY GULF INTERNATIONAL MARINE, LLC AND SHANE J. GUIDRY
 Mark R. Beebe
 Edwin C. Laizer
 Jennifer C. Bergeron

COUNSEL FOR DEFENDANT/APPELLANT,
DWAYNE G. ALEXANDER
 Raymond C. Burkart, Jr.

**JOHNSON, J.**

Dwayne Alexander appeals the Twenty-Fourth Judicial District Court's December 11, 2019 judgment granting Petitioners-in-Intervention, Harvey Gulf International Marine, LLC and Shane Guidry's ("Intervenors - Appellees"), Motion for Judgment on the Pleadings in its entirety and declaring that Intervenors owe no compensation to Dwayne Alexander. The trial court found that there were no allegations pled against Harvey Gulf nor any allegations pled that a written contract existed in which Shane Guidry individually agreed to guarantee payment of a debt owed in exchange for services provided by Dwayne Alexander to the campaign to elect Jeffery Landry Attorney General for the State of Louisiana, or entered into an oral contract to pay the debt of a third party. For the following reasons, we reverse the judgment on the pleadings granted and affirm the declaratory judgment granted.

*FACTS AND PROCEDURAL HISTORY*

Eighteen months after the election, Dwayne Alexander ("Alexander") sent an invoice dated July 12, 2017, to "JEFF LANDRY – CAMPAIGN" and the manager of the campaign requesting payment in the amount of $175,000 for "CAMPAIGN WORK 2015 – 2016." In another demand letter dated September 1, 2017, Alexander enclosed an unfiled petition which he stated that he would file if he did not receive $175,000 by September 5, 2017. In a third demand letter, Alexander again said that he would file suit if he did not receive $175,000. In their petition, Landry for Louisiana, Inc. and Jeffery M. Landry ("LFL" and "Landry" respectively; collectively "Plaintiffs") acknowledged that Alexander supported their campaign but averred that any activities Alexander performed "were on a volunteer basis".

On September 26, 2018, LFL and Landry filed a Petition for Declaratory Judgment at the Twenty-Fourth Judicial District Court for the Parish of Jefferson, which averred that they owed Alexander no compensation for services Alexander allegedly performed in 2015 pursuant to an oral contract for Landry's (successful) campaign to become Attorney General for the State of Louisiana.

In response to the petition Landry and LFL filed in the Twenty-Fourth Judicial District Court, Alexander filed Exceptions of Lis Pendens and Failure to Join Indispensable Parties, and other motions. Alexander had also filed suit seeking payment for his services in Orleans Parish Civil District Court on October 8, 2018. Alexander's suit was initially filed against Landry and LFL but later additional defendants, including Appellees, were added. The Twenty-Fourth Judicial District Court's March 19, 2019 Judgment denied all of Alexander's motions, finding that the present case was the first suit and therefore could not be dismissed under La. C.C.P. art 531. Accordingly, the defendants' exceptions of *lis pendens* were eventually granted in the Orleans Parish Civil District Court suit, and Alexander's suit was dismissed. *See Alexander v. Landry*, 19-1358 (La. 11/5/19); 281 So.3d 657.

Appellees then filed a Petition-in-Intervention in the matter in the Twenty-Fourth Judicial District Court also requesting Declaratory Judgment on the basis that they never agreed "to become guarantor under any alleged contract with Mr. Alexander." Alexander then filed Exceptions of Lis Pendens, No Right of Action, and No Cause of Action against Appellees, and Exceptions of Lis Pendens and No Cause of Action against Landry and LFL. After a hearing on August 7, 2018, the trial court issued judgment a week later denying all Alexander's exceptions as to Appellees, Landry, and LFL.

Alexander filed an Answer to the petition in the matter in the Twenty-Fourth Judicial District Court on August 29, 2019. In his answer, Alexander contended

that he, "plaintiffs, and intervenors had an oral contract(s) for compensation for services in the amount of $250,000". Alexander urged that he requested payment several times over a period of 18 months and eventually lowered his demand to $175,000 as a proposed settlement offer, reduced to writing in July, 2017.

On September 13, 2019, Appellees filed a Motion for Judgment on the Pleadings. Appellees averred that Alexander is not entitled to recover from them as primary obligors or as guarantors without a written contract. Appellees stated that Guidry did not become involved with the campaign until October, 2015, when, Alexander alleges, he "was informed of the services Mr. Alexander would perform and [sic] agreed to pay for his services, or in the alternative guaranteed payment for his services on behalf of Jeff Landry." Appellees concluded that by Alexander's own admission there is no written contract. Appellees are not in "privity of contract", and a contract of guarantee must be express and in writing. A promise to pay the debt of a third person must also be express and in writing. As such, Appellees allege, they are entitled to judgment on the pleadings, and the matter should have been dismissed with prejudice.

In response, in his Memorandum in Opposition, Alexander prayed that Appellees' motion for judgment on the pleadings be denied and alleged Guidry and the other parties individually agreed to pay and/or guarantee payment to Alexander for his services. Alexander also stated that Guidry "independently approved" payment by check drawn on a Louisiana Citizens for Job Creators, Inc. ("LCJC") account made to the order of Alexander's brother for $7,500; that Guidry gave himself the authority to approve checks issued to cover campaign expenses; that Guidry and his wife paid $5,000 each for an entire campaign event through LCJC; that Guidry donated $100,000 to LCJC in his capacity as CEO of Harvey Gulf; that LCJC and LFL are two distinct entities; and that Guidry was rewarded with a high ranking position within the Landry administration for his support.

In Appellees' reply memorandum, they advised the court that their exception of *lis pendens* was ultimately granted and that there is no longer a pending case against them in Orleans Parish Civil District Court. Appellees also stated that Alexander abandoned his argument that they "guaranteed" the obligation (because such a guaranty must be in writing, and also that Guidry is the 'alter ego' of the political action committee, LCJC). Appellees also pointed out the lack of specific charges against Harvey Gulf and questioned how "the Chair of the Board and CEO of Harvey Gulf, a multimillion-dollar maritime energy business, somehow benefits from the alleged 'high position' in the Landry administration". Appellees re-urged that their motion for judgment on the pleadings should be granted because Alexander "presents neither legal grounds nor factual bases to advance his position that an enforceable oral contract exists between himself and Appellees".

On December 19, 2019, the trial court memorialized its earlier judgment from the bench in favor of Appellees, granting their Motion for Judgment on the Pleadings in its entirety, and issued judgment declaring that Appellees owe no compensation to Alexander. In its reasons for judgment, the court explained that Alexander pled no facts against Harvey Gulf. The court also found that there was no allegation of any written contract relating to Guidry individually entering into a guaranty to a pay campaign debt, or entering into an oral contract to pay the debt of a third party. The trial court noted that the only facts in the pleadings regarding a contract were contained in Alexander's affidavit where he attests "On January 29, 2015 he entered into an oral contract for $250,000 with Jeff Landry (Jeff) for campaign consulting services". Alexander timely filed a petition for devolutive appeal.

*ASSIGNMENTS OF ERROR*

Appellant assigns as error the district court's judgment granting Harvey Gulf International Marine and Shane Guidry's Motion for Judgment on the Pleadings and its decree that Appellees Harvey Gulf and Shane Guidry owed Appellant no compensation.

*LAW AND ANALYSIS*

Louisiana Code of Civil Procedure article 965 provides that any party may move for judgment on the pleadings after the answer is filed, or if an incidental demand has been instituted after the answer thereto has been filed, but within such time as not to delay the trial. For the purposes of this motion, all allegations of fact in a mover's pleadings not denied by the adverse party or by effect of law, and all allegations of fact in the adverse party's pleadings shall be considered true. *Id.*

> A motion for judgment on the pleadings is primarily utilized by plaintiffs to test the sufficiency of the allegations of the defendant's answer, including any affirmative defense. A court should sustain a motion for judgment on the pleadings only if the allegations exclude every reasonable hypotheses upon which the party opposing the motion can prevail.
> Our courts favor giving a party his day in court; therefore, a judgment on the pleadings is granted only when the legal right is clearly established. The presence of a conflict in the pleadings precludes the granting of a motion for judgment on the pleadings.

*Gadrel, L.L.C. v. Williams*, 17-537 (La. App. 5 Cir. 3/14/18); 241 So.3d 508, 512-13 (citations omitted). A motion for judgment on the pleadings neither requires nor permits supporting affidavits, and on such a motion a trial court is not at liberty to consider any matter not within the pleadings. *Reyes v. S. Envtl. of LA*, 13-380 (La. App. 5 Cir. 12/19/13); 131 So.3d 450, 454. "A motion for judgment on the pleadings is submitted on the pleadings which may include attached exhibits made

a part of the pleadings." *Canal Motors, Inc. v. Campbell*, No. 4128 (La. App. 4 Cir. 11/2/70); 241 So.2d 5.

A motion for judgment on the pleadings presents solely a question of law. *Gadrel*, 241 So.3d at 513.

> A motion for judgment [. . . ] should be granted only when facts are so clear and unquestioned that a trial on the merits is unwarranted. Both the trial and appellate court are limited to a review of the pleadings, and must assume that all allegations of fact contained in the pleadings filed by the party against whom the motion for judgment on the pleadings is filed are true and all allegations made by mover are denied.

*Gibbens v. Wendy's Foods, Inc.*, 31,487 (La. App. 2 Cir. 1/20/99); 729 So.2d 629, 631. Questions of law are subject to *de novo* standard of review. *Gadrel*, 241 So.3d at 513.

The purpose of a declaratory judgment is to provide a method whereby parties may request a trial judge to "declare rights, status, and other legal relations whether or not further relief is or could be claimed." La. C.C.P. art. 1871. The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. *Id*. The declaration shall have the force and effect of a final judgment or decree. *Id*. A person interested whose rights, status, or other legal relations are affected by a contract may have determined any question of construction or validity arising under the contract and obtain a declaration of rights, status, or other legal relations thereunder. La. C.C.P. art. 1872. On appeal, the scope of our appellate review is a determination of whether or not the trial judge abused his discretion by granting the declaratory judgment in this case. *City of Kenner v. Kyle*, 02-1262 (La. App. 5 Cir. 4/8/03); 846 So.2d 34, 38.

> Under La. C.C. art. 1846, one witness and other corroborating circumstances must prove an oral contract for a price in excess of $500. Only general corroboration is required. It is not necessary that plaintiff offer

independent proof of every detail. The manifest error standard of review applies to a factual finding by the trier of fact in this regard and will not be overturned unless it is clearly wrong.

*Peter Vicari Gen. Contractor, Inc. v. St. Pierre*, 02-250 (La. App. 5 Cir. 10/16/02); 831 So.2d 296, 301 (citations omitted).

However, suretyship must be express and in writing. La. C.C. art. 3038. Suretyship is an accessory promise by which a person binds himself for another already bound, and agrees with the creditor to satisfy the obligation if the debtor fails to do so. La. C. C. art. 3035. A contract of guaranty is equivalent to a contract of suretyship, and the two terms may be used interchangeably. *Lucky Coin Mach. Co. v. J.O.D. Inc.*, 14-562 (La. App. 5 Cir. 12/23/14); 166 So.3d 998, 1003. Louisiana Civil Code article 3037 provides that one who ostensibly binds himself as a principal obligor to satisfy the present or future obligations of another is nonetheless considered a surety if the principal cause of the contract with the creditor is to guarantee performance of such obligations.

Parol evidence is inadmissible to prove either suretyship or a promise to pay the debt of a third party. *Id*; La. C.C. art. 1847. But, in cases where the promisor has a business or pecuniary interest which induces him to promise to pay the debt of a third person, parol evidence may be admissible as proof of that promise. *See S. Air Conditioning of New Orleans, Inc. v. Cumberland Homes, Inc.*, 418 So.2d 745, 747 (La. App. 5 Cir. 1982). However, a "mere pecuniary interest" is not enough and the exception that allows parol evidence applies "only in those instances where the promisor by promising to pay the debt of a third person assumes a primary obligation rather than a secondary or collateral obligation." *Seashell, Inc. v. Simon*, 398 So.2d 99, 101 (La. App. 5 Cir. 1981). "In the latter instance the promise is in the nature of suretyship." *Id*. The question of whether

an obligation is primary or collateral is factual. *Fontenot v. Miss Cathie's Plantation, Inc.*, 93-926, 93-927 (La. App. 3 Cir. 3/2/94); 634 So.2d 1380, 1382.

*Judgment on the Pleadings*

Intervenors acknowledge in their Petition in Intervention that Mr. Alexander contends "Mr. Guidry … became aware of the oral contract and agreement to pay [Mr. Alexander] for services he would provide"; that "when Mr. Guidry agreed to compensate him under this alleged oral contract, he was acting both 'individually and as a representative of Harvey Gulf'"; and that "Mr. Alexander is now seeking to recover from Harvey Gulf 'individually or alternatively as a guarantor of payment for fees due on the oral contract'[.]"[1] Although Mr. Guidry denies that he ever personally or on behalf of Harvey Gulf agreed to compensate Mr. Alexander, Guidry and Harvey Gulf, as Intervenors, allege that they "have a justiciable interest in, and connexity to, the principal action herein, namely, the existence of any oral contract with and any compensation owed to Mr. Alexander for his campaign support services in 2015." Likewise, Mr. Alexander states in his Answer to Intervenors' Petition that "Alexander, plaintiffs, and Intervenors had an oral contract(s) for compensation for services in the amount of $250,000 and Alexander provided services in Landry's 2015 Attorney General campaign."

_____

[1] Additionally, Mr. Alexander's Second Supplemental and Amending Petition filed in Orleans Parish Civil District Court, and which Intervenors, Guidry and Harvey Gulf, attached to their Petition in Intervention in the present case, alleges, in pertinent part:

> 4(C) Subsequent meetings were held between plaintiff [Dwayne Alexander] and/or third parties and defendants Jeff Landry and Mule, individually and as an agent for Landry for Louisiana; Allen, Orlando and Guidry, individually and as agents for Louisiana Citizens for Job Creators, Inc., and Guidry, individually and as an agent for Harvey Gulf to discuss campaign strategy and payment for plaintiff's services and expenses.
> \*\*\*
> 4(E) The above named individual defendants were informed of the service plaintiff would perform *and each agreed to pay for his services, or in the alternative guaranteed payment for his services* on behalf of Jeff Landry." [Emphasis added.]

Even though all parties agree there was no written contract, "[p]arol evidence is admissible to prove a promise to pay the debt of a third person when the promisor assumes a primary obligation." *Fontenot*, 634 So.2d at 1381. Mr. Alexander's allegation that Guidry and/or Harvey Gulf "had an oral contract" suggests that either a primary or secondary obligation existed, creating an issue of fact sufficient to defeat a motion for judgment on the pleadings under La. C.C.P. art. 965.

Additionally, Intervenors' Petition for Intervention incorporates Appellant's Second Supplemental and Amending Petition filed in Orleans Parish Civil District Court, which states, "Defendant Guidry was appointed to a high position on defendant Jeff Landry's staff following his election to the office of Attorney General." Appellant also referred to the Orleans Parish petition six times in the portion of his answer that addressed Intervenors' petition in the present case. Appellant's petition implicitly pleads that Guidry received something of value in exchange for his alleged promise to pay for Alexander's services and therefore had a pecuniary interest in making the alleged promise. "In order to plead 'material facts' within Louisiana's fact-pleading system, the pleader must state what act or omission he will establish at trial." *Miller v. Thibeaux*, 14-1107 (La. 1/28/15); 159 So.3d 426, 432. "A party is entitled to any relief available based on the facts pled, regardless of the specific relief requested." *Id*. If Appellant can prove that Guidry had a pecuniary interest in the alleged promise to pay Appellant's fees, then parol evidence may be used to prove the alleged oral contract. Whether Guidry had a pecuniary interest in making the alleged promise, or whether the implied pecuniary interest induced him to make a principal or a collateral promise, are additional questions of fact which preclude judgment on the pleadings.

*Declaratory Judgment*

After reviewing the pleadings, memoranda, affidavits, transcripts and exhibits, we find that the trial court did not abuse its discretion in declaring that Shane Guidry and Harvey Gulf International Marine owed Appellant no compensation. The district court's findings that there were no allegations of written contracts between Appellant and Harvey Gulf or Appellant and Shane Guidry are clearly supported by the record. In fact, as the trial court noted, no allegations were made against Harvey Gulf at all. We further find the trial court did not err when it found that Shane Guidry, individually, and Harvey Gulf did not enter into any contract with Appellant to pay for the debt incurred by Landry and LFL for Appellant's services in support of the Attorney General's campaign.

*DECREE*

For the foregoing reasons, upon *de novo* review, we find that the trial court committed error when it granted Shane Guidry and Harvey Gulf International Marine's Motion for Judgment on the Pleadings. Considering only the pleadings and exhibits, we find that there is a conflict between the facts alleged by the parties that precludes the trial court from granting judgment on the pleadings as requested by Appellees as a matter of law. However, the trial court did not abuse its discretion in granting declaratory judgment that Appellees owed Appellant no compensation. The trial court's December 19, 2019 judgment is reversed in part, accordingly.

**DECLARATORY JUDGMENT AFFIRMED; JUDGMENT ON THE**

**PLEADINGS REVERSED.**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**DECEMBER 16, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 20-CA-106

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE STEPHEN D. ENRIGHT, JR. (DISTRICT JUDGE)
DANIEL J. PHILLIPS (APPELLEE)       JENNIFER C. BERGERON (APPELLEE)       MARK R. BEEBE (APPELLEE)

**MAILED**
STEPHEN J. OATS (APPELLEE)
ATTORNEY AT LAW
100 EAST VERMILION STREET
SUITE 400
LAFAYETTE, LA 70501

EDWIN C. LAIZER (APPELLEE)
ATTORNEY AT LAW
701 POYDRAS STREET
SUITE 4500
NEW ORLEANS, LA 70139

MICHAEL A. THOMAS (APPELLEE)
ATTORNEY AT LAW
112 HOLLY DRIVE
METAIRIE, LA 70005

RAYMOND C. BURKART, JR.
(APPELLANT)
ATTORNEY AT LAW
321 NORTH FLORIDA STREET
SUITE 104
COVINGTON, LA 70433