| | | | |
|---|---|---|---|
| **JAMES S. HOTARD JR.** | * | **NO. 2024-CA-0441** | |
| **VERSUS** | * | **COURT OF APPEAL** | |
| **JOHN A. HOTARD AND 1434 JOSEPHINE, LLC** | * | **FOURTH CIRCUIT** | |
| | * | **STATE OF LOUISIANA** | |

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-08617, DIVISION "C-10"
Honorable Sidney H. Cates, Judge
\* \* \* \* \* \*
**Judge Karen K. Herman**
\* \* \* \* \* \*

(Court composed of Judge Roland L. Belsome, Judge Sandra Cabrina Jenkins, Judge Karen K. Herman)

J. Geoffrey Ormsby
Andre M. Stolier
SMITH & FAWER, L.L.C.
201 St. Charles Avenue
Suite 3702
New Orleans, LA 70170

      COUNSEL FOR PLAINTIFF/APPELLEE

Andrew T. Lilly
Lilly PLLC
4907 Magazine Street
New Orleans, LA 70115

      COUNSEL FOR DEFENDANT/APPELLANT

              **AFFIRMED**
          **DECEMBER 13, 2024**

Defendant/appellant, John A. Hotard ("John"), appeals the March 7, 2024 judgment granting the Motion for Judgment on the Pleadings filed by plaintiff/appellee, James S. Hotard, Jr. ("Jim"), ordering the dissolution of two limited liability corporations owned and managed by the parties. For the reasons set forth below, we affirm.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

Brothers Jim and John Hotard jointly own two pieces of rental property located at 1431 Josephine St. and 1434 St. Andrew St. in New Orleans. In 2003, they formed two limited liability companies, 1431 Josephine, LLC and 1434 St. Andrew, LLC, to manage the properties, with Jim and John as the sole members. Although no operating agreement was perfected, Jim historically managed the St. Andrew St. property and John managed the Josephine St. property.

In December 2018, after the business relationship became strained, Jim filed a Petition for Judicial Dissolution against John and 1431 Josephine, LLC seeking to dissolve the company. Paragraph 6 of the petition states that ***"the parties are unable to work together and are unable to agree on the management of the company so that it is no longer practicable to carry on the business in conformity***

1

*with the articles of organization."* The petition further alleges certain acts of mismanagement on the part of John.

In response, John filed an Answer, Reconventional Demand, and Third Party Demand stating that ***"[d]efendants cannot admit or deny Plaintiff's stated reasons for seeking judicial dissolution, however Defendants otherwise admit the allegations contained in paragraph 6 of Plaintiff's petition."*** The pleading alleges Jim's mismanagement of 1434 St. Andrew, LLC, and seeks his dismissal as a managing member of the company. The demand also seeks compensation for John's in-kind contributions and sweat equity.

Jim filed an Exception of No Right of Action and No Cause of Action asserting that Jim is not named as a defendant. Additionally, the exception asserts that there is no operating agreement between the parties requiring Jim to compensate John for his personal contributions to the business. In connection with the exceptions, a Consent Judgment was rendered June 5, 2019, granting John twenty days to amend his demands.

John filed a Supplemental and Amending Reconventional Demand and Third-Party Demand seeking dissolution of 1434 St. Andrew, LLC, and further alleging in Paragraph 32 that "***the parties are unable to work together and are unable to agree on the management of the company so that it is no longer practicable to carry on the business in conformity with the articles of organization.***" It further alleges that Jim's actions and inactions "have put the assets of 1434 St. Andrew, LLC at risk, and [John] no longer desires to own any

interest in the company with [Jim]." [1]

Jim answered the supplemental demand responding (using the same phrasing as John in his answer) that he *"cannot admit or deny the stated reasons of the plaintiff in reconvention or third party plaintiff for seeking dissolution, but the allegations of Paragraph 32 … are otherwise admitted."*

Thereafter, the parties attempted to settle their differences, to no avail. On April 25, 2023, the trial court appointed an expert to appraise both properties.

On January 9, 2024, Jim filed a Motion for Judgment on the Pleadings seeking to dissolve 1431 Josephine, LLC and 1434 St. Andrew, LLC, requesting the appointment of a liquidator to wind up the affairs of the companies. The motion asserts that dissolution is warranted pursuant to La. R.S. 12:1335, which provides:

> On application by or for a member, any court of competent jurisdiction may decree dissolution of a limited liability company whenever it is not reasonably practicable to carry on the business in conformity with the articles of organization or operating agreement.

The motion further avers that the pleadings establish that both parties have alleged they are unable to work together and are unable to agree on the management of the properties such that it is no longer practicable to carry on the business.

John opposed the motion arguing that the parties' responsive pleadings do not reveal any admissions. Rather, he maintains that their answers only reveal that the brothers could not admit or deny the other's stated reasons for dissolution.

---

[1] Jim contends that John's amended pleadings did not remove the claims subject to the Consent Judgement. Although not contained in this record, Jim asserts that his re-urged exceptions were granted December 18, 2023, dismissing all reconventional and third party demands, and ruling that the only claims remaining were those for dissolution.

The matter was brought before the trial court on February 23, 2024. Judgment was rendered March 7, 2024, granting the Motion for Judgment on the Pleadings, thereby dissolving 1431 Josephine, LLC and 1434 St. Andrew, LLC. The judgment further ordered that the parties agree to a mutually acceptable liquidator to wind up the affairs of the companies in accordance with La. R.S. 12:1335. This appeal followed.

**LAW AND ANALYSIS**

On appeal, John only asserts that the trial court erred in granting the Motion for Judgment on the Pleadings. More specifically, he argues that the responsive pleadings do not reveal any admissions – they only reveal the brothers' inability to admit or deny the other's allegations. We find no merit in this assignment of error.

As this Court stated in *Treas v. Koerner*, 2019-0390, pp. 11-12 (La. App. 4 Cir. 11/13/19), 364 So.3d 55, 63-64:

> A motion for judgment on the pleadings presents solely a question of law. *Stonebridge Development, LLC v. Stonebridge Enterprises, LLC,* 42,039 (La. App. 4 Cir. 4/4/07), 954 So.2d 893, 896. Questions of law are subject to *de novo* standard of review. *Daigre v. International Truck and Engine Corp.*, 2010-1379, p. 10 (La. App. 4 Cir. 5/5/11), 67 So.3d 504, 510.

> La. C.C.P. art. 965 states, in pertinent part, that:

>> Any party may move for judgment on the pleadings... For the purposes of this motion, all allegations of fact in mover's pleadings not denied by the adverse party or by effect of law, and all allegations of fact in the adverse party's pleadings shall be considered true.

> Further, "[i]n considering a motion for judgment on the pleadings, nothing beyond the pleadings may be considered; supporting evidence may not be considered." *Daigre*, 2010-1379, p. 5, 67 So.3d at 508 (citing *Gibbens v. Wendy's Foods, Inc.,* 31,487, pp. 3-4 (La. App. 2 Cir. 1/20/99), 729 So.2d 629, 631–632). When reviewing this issue, we shall apply a *de novo* standard of review.

As further explained in *Landry for Louisiana, Inc. v Alexander*, 2020-0106, p. 5 (La. App. 5 Cir. 12/16/20), 309 So.3d 408, 413 (citations omitted):

> A motion for judgment on the pleadings is primarily utilized by plaintiffs to test the sufficiency of the allegations of the defendant's answer, including any affirmative defense. A court should sustain a motion for judgment on the pleadings only if the allegations exclude every reasonable hypotheses upon which the party opposing the motion can prevail.

> Our courts favor giving a party his day in court; therefore, a judgment on the pleadings is granted only when the legal right is clearly established. The presence of a conflict in the pleadings precludes the granting of a motion for judgment on the pleadings. *Gadrel, L.L.C. v. Williams*, 17-537 (La. App. 5 Cir. 3/14/18), 241 So.3d 508, 512-13 (citations omitted).

Here, Jim and John are the only members of the two limited liability companies, and it is evident that they have irreconcilable differences, which prevent them from being able to work together. More importantly, both have stated on the record that "it was no longer practicable to carry on the business in conformity with the articles of organization." Pursuant to La. R.S. 12:1335, dissolution of both companies would be proper.

It is evident from our review of the pleadings that Jim and John each sought dissolution of the company managed by the other. Pursuant to the Motion for Judgment on the Pleadings, Jim also sought dissolution of 1434 St. Andrew, LLC, which he managed. While their responsive answers declare that they could not admit or deny the other's stated reasons for dissolution, they both clearly admitted to their inability of working together and the need for dissolution. The record also reflects that John never filed a motion to amend his pleadings in order to re-state his position. In that respect, we find no conflict in the pleadings that precludes the granting of the Motion for Judgment on the Pleadings. Accordingly, we find no error on the part of the trial court.

5

**DECREE**

For the forgoing reasons, and pursuant to our *de novo* review, we affirm the March 7, 2024 judgment granting a Motion for Judgment on the Pleadings, dissolving both limited liability companies and ordering the parties to agree to a mutually acceptable liquidator.

**AFFIRMED**